

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-23-2005

# Kholodilkina v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2124

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Kholodilkina v. Atty Gen USA" (2005). *2005 Decisions.* Paper 1148.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1148

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 04-2124

ANZHELIKA KHOLODILKINA,

Petitioner

v.

ALBERTO GONZALES,* Attorney General
Of the United States of America

*Substituted pursuant to Federal Rule of Appellate Procedure 43(c)(2)

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A73-548-880)

Submitted Under Third Circuit LAR 34.1(a)
May 5, 2005

Before: McKee, Smith and VanAntwerpen, *Circuit Judges*

(Filed May 23, 2005)

OPINION OF THE COURT

MCKEE, *Circuit Judge*.

Anzhelika Kholodilkina petitions for review of the March 25, 2004 decision of the

Board of Immigration Appeals denying her motion to reconsider an *in absentia* removal

order issued by the Immigration Judge on April 17, 2003 under 8 U.S.C. §

1229a(b)(5)(A). The Immigration and Naturalization Service ("INS")[1] charged

Kholodilkina with removability for having failed to comply with the conditions of her

nonimmigrant visa in violation of 8 U.S.C. § 1227(a)(1)(C)(i). For the reasons that

follow, we will deny Kholodilkina's petition for review.

Because we write only for the parties, we set forth only those facts necessary to our

discussion.

The INS began removal proceedings against Kholodilkina after her application for

asylum was denied, and she was found removable as charged. When she failed to appear

for her September 30, 1999, immigration hearing, the IJ ordered her removed *in absentia*.

In March, 2003, almost three and a half years after the *in absentia* order of removal was

issued, Kholodilkina filed a motion with the IJ to reopen her removal proceedings to

apply for adjustment of status. Kholodilkina claimed that she was provided ineffective

assistance of counsel during her previous hearing. The IJ denied the motion and the BIA

dismissed Kholodilkina's appeal.

The BIA held that 8 U.S.C. § 1229a(b)(5)(c) precluded any relief for Kholodilkina

because she did not file her motion to reopen "within 180 days after the date of the order

of removal." The BIA concluded that "the language of [§ 1229a(b)(5)(c)] regarding the

time limit within which a motion to reopen must be filed is clear on its face and

---

[1]On March 1, 2003, the INS ceased to exist and its functions were transferred to the Department of Homeland Security. However, at the time of the proceedings in this case, the agency was still the INS and will be referred to as such here.

unambiguous, and the statute contains no exceptions to this time bar . . . . the legislative history demonstrates that the 180-day limit reflects congressional intent to bring finality to *in absentia* deportation (or removal) proceedings."

Kholodilkina contends that the BIA should have equitably tolled 8 U.S.C. § 1229a(b)(5)(C)'s 180-day time limit because she did not find out about the *in absentia* order of removal until more than two years after the order due to the ineffective assistance of her original counsel. The BIA rejected Kholodilkina's contention, stating:

> It does not appear that the Third Circuit has previously addressed the issue of whether the 180-day period for filing a motion to reopen should be equitably tolled where the petitioner alleges that ineffective assistance of counsel caused the delay in filing such a motion.

However, after the BIA issued its opinion, we addressed the issue in *Borges v. Gonzales*, 402 F.3d 398, 401, 406 (3d Cir. 2005). There, we held that § 1229a(b)(5)(C)'s "180-day time limitation can be equitably tolled," since this "time limitation is more appropriately considered as analogous to a statute of limitations." However, *Borges* allowed such tolling based upon allegations of fraud, not ineffective assistance of counsel. *Id*. at 406. Indeed, we noted in *Borges* that, in *Bejar v. Ashcroft*, 324 F.3d 127 (3d Cir. 2003), we "essentially . . . held" that ineffective assistance of counsel is not an exception to the 180-day period set forth in § 1229a(b)(5)(c). *Borges*, 402 F.3d at 406. Nevertheless, we noted in *Bejar* that one commentator has proposed drawing a distinction between attorney misfeasance and nonfeasance, "and allowing misfeasant (or actively

3

misleading) ineffective assistance to constitute an 'exceptional circumstance' sufficient to warrant equitably tolling the 180-day appeal deadline." *Bejar*, 324 F.3d at 131 n.1  We concluded, however, that petitioner's counsel "did not render assistance sufficiently ineffective to justify tolling the 180-day appeal deadline." *Id*.

Kholodilkina asserts that the ineffectiveness she alleges constitutes "actively misleading" under *Bejar*.  According to Kholodilkina, her attorney not only failed to inform her about the September 30, 1999 removal hearing, but she was also advised on several occasions that there was "nothing new in the case" by her attorney's secretary, and she was also told to "just wait."

However, our review is limited to the administrative record, *Sewak v. INS*, 900 F.2d 667, 673 (3d Cir. 1990), and Kholodilkina cites to nothing in the Administrative Record ("AR") to substantiate these claims.  She does direct us to AR 54-57, but that portion of the record does not refer to the alleged statements of her attorney's secretary. Rather, Kholodilkina merely asserts that her attorney "never gave [the information about her immigration hearing] to [her], and also did not show up himself."  AR 54.

In light of Kholodilkina's failure to demonstrate that her attorney did anything more than allegedly fail to notify her of her immigration hearing, we need not decide whether a claim of ineffective assistance of counsel alleging attorney misfeasance would equitably toll § 1229a(b)(5)(C)'s 180-day filing requirement.  Kholodilkina does not contest the fact that her attorney was served with notice of the hearing, and the

4

regulations make clear that when an alien is represented, service on the alien's attorney constitutes notice to the alien. 8 C.F.R. § 292.5 (2002). Moreover, prior to her September 29, 1999 hearing date, Kholodilkina's removal proceedings had been continued at least ten times.

Accordingly, we find that, even if a substantiated claim of ineffective assistance of counsel could equitably toll § 1229a(b)(5)(C)'s 180-day filing requirement, Kholodilkina has not demonstrated that her attorney's conduct justifies such tolling. We will therefore affirm the BIA's decision and deny Kholodilkina's petition for review.[2]

---

[2]Claiming that the government's Motion for Enlargement of Time had not been granted, Kholodilkina asserts that the government's brief was not timely filed. She is mistaken. On September 30, 2004, we granted respondent's motion, and respondent subsequently filed its brief in a timely manner.