

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-28-2003

# Bejar v. Atty Gen USA

Precedential or Non-Precedential: Precedential

Docket 02-1897

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Bejar v. Atty Gen USA" (2003). *2003 Decisions.* Paper 499.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/499

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-1897
_____

GRACE BEJAR,

Petitioner

v.

JOHN ASHCROFT, ATTORNEY GENERAL
OF THE UNITED STATES,

Respondent

_____

Submitted Under Third Circuit LAR 34.1(a)
January 21, 2003

Before: BECKER, <u>Chief Judge</u>, NYGAARD and AMBRO
<u>Circuit Judges</u>.

(Filed: March 19, 2003)

JOHN D. PEREZ, P.C.
838 Broad Street
Newark, New Jersey 07102
        *Attorney for Petitioner*

ROBERT D. MCCALLUM, JR.
Assistant Attorney General Civil Division
FRANK W. FRASER
Senior Litigation Counsel
MICHELLE E. GORDEN
Senior Litigation Counsel
Office of Immigration Litigation
Civil Division

Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
    *Attorneys for Respondent*

_____

OPINION OF THE COURT
_____

BECKER, <u>Chief Judge</u>.

Petitioner Grace Bejar, an Ecuadorian national, petitions for review of the order of the Board of Immigration Appeals ("BIA") dismissing her claim that the Immigration and Naturalization Service ("INS") unlawfully removed her from the United States. Although she alleges ineffective assistance of counsel, lack of notice, and eligibility for cancellation of removal, we conclude that we lack jurisdiction to review these claims because Bejar failed to exhaust her administrative remedies by not appealing the *in absentia* removal order of the Immigration Judge within the INA's mandatory 180-day window. *See* 8 C.F.R. § 3.23(b)(4)(ii) (2002). The only claim over which we retain jurisdiction is her allegation that the INS illegally removed her from the United States before the end of the 30-day period during which she could appeal the INS's denial of her motion to reopen, a step which effected an automatic waiver of her right to appeal the IJ's decision. We conclude that the INA does not provide for an automatic stay of removal during this 30-day appeal period, and as Bejar failed to request such a stay, the INS acted lawfully in removing her before the period lapsed.

-2-

## I. Facts and Procedural History

Bejar was admitted lawfully to the United States in 1979 as a permanent resident. In 1991, she was convicted of receiving stolen property in violation of New Jersey criminal law, and in 1992 she pled guilty to, and was convicted of, another count of receiving stolen property under New Jersey law. For this second conviction, Bejar was sentenced to 364 days in the Passaic County jail, five years probation, and fifty hours of community service. Approximately four years later, she was arrested again for one count of third-degree theft and received another 364-day jail term, of which she served three months.

In 1998, Bejar left the country and traveled to the Dominican Republic for approximately three weeks. When she returned to the United States, she sought admission as a lawful returning permanent resident. Based on her criminal convictions, however, the INS determined that she was not entitled to admission and placed her in removal proceedings, where it charged her with inadmissibility under 8 U.S.C. § 212(a)(2)(A)(i)(I) as an alien convicted of a crime of moral turpitude. From July 1998 until March 1999, Bejar's administrative case was continued six times, and she does not dispute that in each instance she received notice of the rescheduled hearing at the 59th Street address in New York City that she provided to the immigration court.

In March 1999, the immigration court terminated Bejar's removal case, concluding, based on her representations in her application for cancellation of removal,

that she derived United States citizenship from her parents because they became naturalized when she was 17 years old. This conclusion was based on her representation that she was born on May 1, 1964; however, according to the sworn statement that she completed upon returning to JFK Airport from the Dominican Republic, her true birthday is May 1, 1963, and the evidence in the record strongly corroborates this prior date and the resulting implication that she was in fact 18 rather than 17 when her parents became U.S. citizens. Accordingly, on April 23, 1999, the INS moved to reopen Bejar's administrative case. The immigration court granted the agency's motion, and the administrative case was reopened on May 10, 1999.

The immigration court scheduled a hearing for Bejar on July 8, 1999, and it forwarded notice of the hearing to Bejar's counsel, who does not dispute that he received it. On July 8, 1999, however, Bejar did not appear for her hearing, and the immigration court ordered her removed *in absentia*. The court's order notes that Bejar previously admitted the factual allegations in the notice to appear, and that she had conceded removability. Bejar did not appeal this removal order, and in June 2001 the INS served upon her a Notice to Surrender, directing her to report for removal to Ecuador on August 14, 2001. She reported to the INS and was placed in custody.

On August 17, 2001, Bejar filed a motion to reopen her removal case. Through counsel, she claimed that while her attorney received the notice of hearing in her case set for July 8, 1999, he was unable to locate and communicate with her despite his efforts to

do so by phone and letter.  She explains that during the relevant time she was not living at the address she had provided to the court, although she submits that her parents were living at that address and that they reported receiving no communication from her attorney.  At all events, she claims that she received no notice of her hearing before it occurred.

The immigration court denied Bejar's motion to reopen on September 17, 2001; it noted that her counsel was served with the notice of hearing, and that as a legal matter notice to the attorney constituted notice to her.  *See* 8 U.S.C. § 1229(a)(1); *In re N-K & V-S-*, Int. Dec. 3312 (BIA 1997).  As a factual matter, the judge observed that the allegations in Bejar's motion to reopen were not supported or corroborated by any affidavit or declaration, and that as such, they were not entitled to any evidentiary weight. (A.R. 52) (*citing Matter of Ramirez-Sanchez*, 17 I. & N. Dec. 503 (BIA 1980)).  The IJ further noted that, so far as she had informed the court, Bejar was still residing at the same address where she had lived in 1999 when her case was reopened.   Under these circumstances, the IJ concluded, her alleged failure to receive notice did not constitute a ground to reopen her case.

Significantly, as the BIA had denied Bejar's motion to reopen on September 17, 2001, she had until October 17, 2001 (one month) to appeal that denial.  However, as Bejar had requested no administrative stay, the INS enforced the final removal order and returned Bejar to Ecuador on October 9, 2001, more than a week before her time to

appeal lapsed. After she was deported, Bejar, through new counsel, filed an administrative appeal of the court's decision, contending that: (1) she did not receive proper service of notice of her removal hearing; and (2) it was unlawful to remove her during the time in which she could appeal the IJ's denial of her motion to reopen. In a decision dated January 31, 2002, the BIA concluded that Bejar's departure from the United States prior to taking an appeal from the IJ's decision constituted a waiver of her right to appeal, citing to 8 C.F.R. § 3.3(d). It further determined that her departure resulted in the withdrawal of her motion to reopen removal proceedings, citing to 8 C.F.R. § 3.2(d). Accordingly, the BIA returned the record to the immigration court without further action, concluding that "there [was] nothing . . . pending before [it]." (A.R. 14.)

Bejar sought reconsideration of the BIA's decision, again challenging the lawfulness of the INS's enforcement of the IJ's final removal order. On March 21, 2002, the BIA issued a decision dismissing Bejar's appeal on the ground that it "fail[ed] to meet essential statutory or regulatory requirements." (A.R. 2) (citing 8 C.F.R. § 3.1(d)(2)(i)(G)). Bejar now appeals that decision. We have jurisdiction pursuant to Section 242(a) of the Immigration and Nationality Act, 8 U.S.C. § 1252(a) (2000), as amended by the Illegal Immigration Reform and Immigrant Responsibility Act, Pub. L. 104-208, 110 Stat. 3009 (1996). We review for abuse of discretion the BIA's decision that it lacked jurisdiction to consider Bejar's appeal because she had departed from the

United States.  *Sewak v. INS*, 900 F.2d 667 (3d Cir. 1990).

## II.  Discussion

### A.

Bejar makes four arguments in her appeal.  First, she claims that the IJ erred in removing her *in absentia* because she failed to receive notice pursuant to Section 239 of the Immigration and Nationality Act.  Second, she argues that her due process rights were violated when she allegedly received ineffective assistance of counsel during proceedings before the immigration court, and that this violation warrants reopening her proceedings.  Third, she contends that she satisfies the statutory criteria for the relief of cancellation of removal pursuant to Section 240A(a) of the Immigration and Nationality Act.  Finally, Bejar asserts that the INS violated 8 C.F.R. §§ 3.23(b)(1)(v) and 3.23 (b)(4)(iii)(C) by removing her before her time for filing an appeal had lapsed.

In assessing these claims, it is critical to note that we are reviewing only the BIA's March 21, 2002 denial of Bejar's motion to reconsider its January 31, 2002 decision. That January 31, 2002 decision raised but one question: whether Bejar's removal was lawful.  Indeed, neither the IJ nor the BIA could have considered Bejar's ineffective assistance of counsel or cancellation of removal claims, for she was ordered removed *in absentia* on July 8, 1999, yet she did not move to reopen her case until August 17, 2001, a period of more than two years.  The governing regulations state that a removal order entered *in absentia* may be rescinded only upon a motion to reopen filed within 180 days

after the date of removal, if the alien demonstrates that the failure to appear was because of exceptional circumstances, or at any time if the alien demonstrates that she did not receive notice in accordance with § 239. 8 C.F.R. § 3.23(b)(4)(ii) (2002). Bejar's motion to reopen was therefore untimely absent exceptional circumstances or failure of notice. Neither is present.

Regarding exceptional circumstances, in *In re Lei*, 22 I. & N. Dec. 113, Int. Dec. 3356 (BIA 1998), the BIA held that alleged ineffective assistance of counsel is not an exception to the 180-day regulatory time limit to file a motion to reopen an *in absentia* case.[1] Similarly, although Bejar alleges that she did not receive notice of her removal hearing, the regulations make clear that when an alien is represented, service on the alien's attorney constitutes notice to the alien. 8 C.F.R. § 292.5 (2002) ("Whenever a person is required by any of the provisions . . . to give or be given notice; [or] to serve or be served with any paper[,] . . . such notice [or] service . . . shall be given by or to, served by or upon, made by, or requested of the attorney, or representative of record."). This

---

[1] We note that one commentator has proposed drawing a distinction between attorney misfeasance and nonfeasance, and allowing misfeasant (or actively misleading) ineffective assistance to constitute an "exceptional circumstance" sufficient to warrant equitably tolling the 180-day appeal deadline. *See* Damon W. Taaffe, Comment: *Tolling the Deadline for Appealing* in Absentia *Deportation Orders Due to Ineffective Assistance of Counsel*, 68 U. CHI. L. REV. 1065 (2001). Even were we to adopt this approach, however, Bejar's case is one involving only nonfeasance, for her attorney did not affirmatively mislead her about the need to file a motion or to appear in court. Therefore, even under this commentator's proposed expansion of equitable tolling in this area, Bejar's counsel did not render assistance sufficiently ineffective to justify tolling the 180-day appeal deadline.

Court is in accord.  *See Sewak v. INS*, 900 F.2d 667, 673 (3d Cir. 1990) ("[I]f . . . [the attorney] was retained by [the petitioner], or by someone authorized to act on [the petitioner's] behalf, [the petitioner's] argument that he lacked notice of the hearing would fail.").  These precedents make clear that we cannot entertain an appeal based on Bejar's allegation that she personally failed to receive notice, for it is undisputed that her former attorney received timely notice of her removal hearing, and service upon her attorney is considered to be legally sufficient.

**B.**

Because Bejar received constructive notice and no exceptional circumstance is present, we lack jurisdiction to review the legal basis for the IJ's removal order itself. Section 1252 of the INA requires an alien to "exhaust[] all administrative remedies available to [her] as of right" prior to seeking judicial review of a final administrative removal order, 8 U.S.C. § 1252(d) (2000), and we have held that an alien's failure timely to appeal to the BIA the IJ's denial of his motion to reopen constitutes a failure to exhaust administrative remedies.  *See Bak v. INS*, 682 F.2d 441, 442-43 (3d Cir. 1982) (holding that the Court lacked jurisdiction over the petition for review because the aliens did not appeal the IJ's denial of their motion to reopen to the Board, resulting in failure to exhaust their administrative remedies); *Marrero v. INS*, 990 F.2d 772, 777-78 (3d Cir. 1993) (dismissing the alien's petition for review based on his failure to file a motion to reopen his deportation case when he had been ordered deported *in absentia*).

Our lack of jurisdiction extends to Bejar's arguments that she received ineffective assistance of counsel and that she satisfied the statutory criteria for the relief of cancellation of removal pursuant to INA Section 240A(a). Therefore, the only issue before us is whether Bejar's removal was unlawful because she was removed prior to the expiration of the thirty-day period during which she could challenge the IJ's denial of her motion to reopen — the immigration court denied Bejar's motion to reopen on September 17, 2001, and she was removed on October 9, 2001. The BIA concluded that it lacked jurisdiction to consider this argument, for the regulations state that "[d]eparture from the United States of a person who is the subject of deportation proceedings, prior to the taking of an appeal from a decision in his or her case, shall constitute a waiver of his or her right to appeal." 8 C.F.R. § 3.3(e) (2002). This Court, however, retains jurisdiction to consider whether Bejar's removal was illegal, for after the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act, an alien's removal from the United States does not divest a federal court of appeals from considering the claims raised in a petition for review. *See Tapia-Garcia v. INS*, 237 F.3d 1216, 1217 (10th Cir. 2001).

## C.

We are satisfied that the INS acted lawfully when it removed Bejar before her time to appeal had run. Under the governing regulations, Bejar's removal was automatically stayed only during the time period that the motion to reopen her removal

case was pending. 8 C.F.R. § 3.23(b)(4)(ii) (2002). This period ended on September 17, 2001, the date on which the IJ denied as untimely her motion to reopen. Neither the INA nor the regulations provides for an automatic stay of an alien's removal during the 30-day period for an alien to appeal any decision by the IJ denying a motion to reopen. Because other comparable sections of the INA expressly provide for automatic stays during the appeal period, we must assume that the lack of an automatic stay provision in this context was intentional. *Compare* 8 C.F.R. § 3.6(b) (requiring the stay of an alien's removal during the 30-day appeal period from the denial of a motion to reopen filed in *in absentia* deportation and exclusion cases under 8 C.F.R. § 3.23(b)(4)(iii)) *with* 8 C.F.R. § 3.23(b)(4)(ii) (providing for no such automatic stay in *in absentia* removal cases). To be sure, an alien in an *in absentia* removal case may seek a stay of her removal pending the disposition of her appeal, and it is within the BIA's discretion to grant such a stay. *See* 8 C.F.R. § 3.6(b) (2002) ("The Board may, in its discretion, stay deportation while an appeal is pending" from any order of the IJ denying a motion to reopen.). Here, however, Bejar did not request a stay of her removal, so the INS's decision to enforce the IJ's final removal order was lawful.

Because we conclude that the INS acted lawfully in removing Bejar before her time to appeal had lapsed, we will deny the petition to review the BIA's order dismissing Bejar's appeal.