

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-13-2005

# Abouelela v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4588

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Abouelela v. Atty Gen USA" (2005). *2005 Decisions.* Paper 850.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/850

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-4588
_____

AHMED MORSY IBRAHIM ABOUELELA,

Petitioner,

v.

ALBERTO R. GONZALES,[*] Attorney General,

Respondent.

_____

Petition for Review
of an order of the Board of Immigration Appeals
(Agency No. A78 829 856)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 10, 2005

Before: AMBRO, VAN ANTWERPEN, and TASHIMA,[**] <u>Circuit Judges</u>

(Opinion filed:  July 13, 2005)

_____

---

[*]        Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General, pursuant to Fed. R. App. P. 43(c)(2).

[**]        Honorable A. Wallace Tashima, Senior United States Circuit Judge for the Ninth Circuit, sitting by designation.

OPINION

TASHIMA, <u>Senior Circuit Judge</u>

Ahmed Morsy Ibrahim Abouelela ("petitioner") petitions for review of the final decision of the Board of Immigration Appeals ("BIA"), of November 15, 2004, which denied his second motion to reopen. We deny the petition.

I.

Petitioner's appeal from the final order of removal was dismissed by the BIA on February 27, 2004. Petitioner's first motion to reopen was denied by the BIA on May 21, 2004. We dismissed the petition for review of that order for failure to exhaust administrative remedies. *See Abouelela v. Gonzales*, No. 04-2731, Order of Dismissal (May 17, 2005). On September 23, 2004, petitioner filed a second motion to reopen with the BIA. That motion was denied by the order of November 15, 2004. The BIA held that the second motion was "both untimely and barred by numerical limitations for motions to reopen." (Citing 8 C.F.R. § 1003.2(c)(2).) The BIA noted, but rejected, petitioner's argument that both the time and numerical limitations should be tolled.

II.

We review the denial of a motion to reopen for abuse of discretion. *Lu v. Ashcroft*, 259 F.3d 127, 131 (3d Cir. 2001) (citing *INS v. Abudu*, 485 U.S. 94, 110 (1988)); *Tipu v.*

*INS*, 20 F.3d 580, 582 (3d Cir. 1994).

## III.

The governing regulation provides that "a party may file only one motion to reopen . . . and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered. . . ." 8 C.F.R. § 1003.2(c)(2). The BIA held, not unreasonably, that petitioner's second motion failed to meet either the numerical or time limitation.

Petitioner contends that the BIA erred in rejecting his argument that both the 90-day time limitation and the numerical limitation of § 1003.2(c)(2) should have been tolled on account of his attorney's neglect. Even assuming that exceptional circumstances would permit tolling of either limitation, we conclude that the BIA did not abuse its discretion in denying reopening because petitioner did "not establish that his former attorney deceived him about the Board's dismissal of the appeal, or denial of the first motion to reopen, and [did] not establish when he sought out new counsel." App. at 90; *see also Bejar v. Ashcroft*, 324 F.3d 127, 131-32 (3d Cir. 2003) (affirming denial of motion to reopen "because no exceptional circumstance is present," in spite of petitioner's "allegation that she personally failed to receive notice, for it is undisputed that her former attorney received timely notice of her removal hearing, and service upon her attorney is considered to be legally sufficient").

Further, it appears, in any event, that petitioner cannot establish prejudice, regardless of his former attorney's performance. *See Ponce-Leiva v. Ashcroft*, 331 F.3d 369, 377 (3d Cir. 2003) (noting that a successful ineffective assistance of counsel claim requires a showing of prejudice). To establish prejudice, petitioner must show that he is eligible for adjustment of status. Under the law, however, an alien who fails to depart the United States pursuant to an order of voluntary departure, and who has been provided with written notice of the consequences of failing to depart, is statutorily barred from applying for, *inter alia*, adjustment of status for a period of ten years. *See* 8 U.S.C. § 1229c(d). Petitioner was granted 30 days' voluntary departure by the BIA's order of February 27, 2004. He neither departed the United States by that 30-day deadline nor obtained a stay or extension of that departure date. Thus, petitioner, being ineligible to apply for adjustment of status, cannot demonstrate that he was prejudiced by his attorney's failure to apply for adjustment of status.

IV.

For the foregoing reasons, we conclude that the BIA did not abuse its discretion in denying petitioner's second motion to reopen. The petition for review is **DENIED.**

-4-