

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-18-2006

# Davis v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3628

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Davis v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1086.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1086

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CPS-211                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3628
_____

KEITHROY DAVIS,

Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,

Respondent

_____

On a Petition for Review of an Order
of the Board of Immigration Appeals
(Agency No. A35 219 643)
Immigration Judge Grace A. Sease
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
April 27, 2006

Before:    BARRY, SMITH AND NYGAARD,  Circuit Judges.

(Filed: May 18, 2006)

_____

OPINION
_____

PER CURIAM

Keithroy Davis petitions for review of an order of the Board of Immigration Appeals ("BIA") which dismissed his administrative appeal as untimely. For the reasons that follow, we will dismiss the petition for review.

Davis is a native and citizen of St. Christopher-Nevis. He came to the United States in 1979 as a lawful permanent resident. In 1985, Davis was convicted in the District Court for the Virgin Islands, having pleaded guilty to attempted grand larceny and possession of stolen property. In 2001, Davis was convicted in the United States District Court for the Southern District of New York, having pleaded guilty in 2000 to receipt and possession of stolen mail (twenty-one stolen United States Treasury checks totaling approximately $10,417) in violation of 18 U.S.C. § 1708. Davis received a sentence of eighteen months imprisonment, followed by three years of supervised release.

Based on the 2001 conviction, Davis was charged as being removable for having been convicted of an aggravated felony as defined in Immigration and Nationality Act ("INA") § 101(a)(43)(G), 8 U.S.C. § 1101(a)(43)(G) ("a theft offense (including receipt of stolen property) . . . for which the term of imprisonment [is] at least one year"). Davis filed an application for a waiver of removal under former INA § 212(c) and for cancellation of removal under INA § 240A, 8 U.S.C. § 1229b(a). The Immigration Judge ("IJ") found that Davis's 2001 conviction constituted an aggravated felony, thus rendering him ineligible for cancellation of removal under section 240A. Further, the IJ found that, even if Davis's earlier convictions were amenable to waiver of removal under former section 212(c), section 212(c) would offer incomplete relief. The IJ ordered

2

Davis's deportation to St. Christopher-Nevis. Davis then filed a pro se appeal to the Board of Immigration Appeals ("BIA"). Citing 8 C.F.R. §§ 1003.38(b) & (c), the BIA dismissed the appeal because it was filed one day late.

Davis filed a pro se habeas petition in District Court seeking a stay of removal and challenging the order of removal and the validity of his detention. The District Court stayed Davis's deportation. Subsequently, the District Court transferred the petition to this Court under the Real ID Act, insofar as it challenged the final order of removal.[1] Davis has filed a motion for appointment of counsel and a supplement in support thereof.

A court of appeals may review a final order of removal only if an alien has exhausted all administrative remedies. 8 U.S.C. § 1252(d)(1). The requirement of administrative exhaustion is jurisdictional; when a party in removal proceedings fails to exhaust his administrative remedies, the court lacks power to act. See Bejar v. Ashcroft, 324 F.3d 127, 132 (3d Cir. 2003). Davis did not bring a timely appeal before the BIA. Accordingly, he has failed to exhaust his administrative remedies. This failure bars judicial review of Davis's removal claims, whether presented in a habeas petition or a petition for review. See Duvall v. Elwood, 336 F.3d 228, 231 n.5 & 232 (3d Cir. 2003) (habeas petition); Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003) (petition for review).

---

[1] The District Court retained jurisdiction over the portion of the habeas petition challenging Davis's continued custody, and conditionally granted habeas relief on October 11, 2005.

3

We will summarily dismiss the petition for review. Davis's motion for appointment of counsel is denied as moot.