

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-11-2006

# Manasse v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3991

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Manasse v. Atty Gen USA" (2006). *2006 Decisions.* Paper 465.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/465

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-3991

———

WENLOCK MANASSE,

Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,

Respondent

———

Petition for Review of an Order
of the Board of Immigration Appeals
(No. A38-763-497)
Immigration Judge: Eugene Pugliese

———

Submitted Under Third Circuit LAR 34.1(a)
July 11, 2006

Before:   SMITH, ALDISERT and ROTH Circuit Judges

(Filed: September 11, 2006)

———

OPINION OF THE COURT

———


ALDISERT, Circuit Judge.

1

This petition for review of an Order of the Board of Immigration Appeals ("BIA") asks us to decide two questions: (1) Does Wenlock Manasse warrant relief under the Convention Against Torture ("CAT")?, and (2) Should we remand proceedings because Manasse claims his original attorney provided ineffective counsel? Because Manasse failed to exhaust his administrative remedies with the BIA, we lack jurisdiction to reach these questions and will dismiss the petition.

I.

The parties are familiar with the facts and proceedings before the BIA and the Immigration Judge ("IJ"), so we will only briefly revisit them. Manasse is a 31-year-old native and citizen of Haiti. He was admitted to the United States as a lawful permanent resident on January 21, 1984. On June 30, 2003, Manasse pleaded guilty to and was convicted of several criminal offenses, including aggravated assault, possession of a controlled dangerous substance with intent to distribute within 1,000 feet of school property, and unlawful possession of a weapon. For these offenses, Manasse received two four-year terms of imprisonment, intended to run concurrently.

On December 19, 2003, the Department of Homeland Security issued Manasse a Notice to Appear in Removal Proceedings. As an alien convicted of an aggravated felony, illicit drug trafficking and a gun crime, Manasse was charged as removable under the Immigration and Nationality Act, 8 U.S.C. §§ 1227(a)(2)(A)(iii), (a)(2)(B)(I) & (a)(2)(C) (2005).

2

An IJ conducted hearings on June 28, 2004, August 2, 2004 and August 30, 2004 and determined that Manasse's convictions rendered him ineligible for asylum and withholding of removal. Manasse, however, was allowed to present evidence that he qualified for protection under CAT. He testified that he was a member of a political party called Brigadier Democrat D'Haiti and that members of this party have been kidnaped, set on fire, and killed. Manasse also testified that a member of this political party who had previously been deported was held for ransom by Haitian police. The IJ found this testimony unpersuasive and noted that neither Manasse nor his lawyer provided any corroboration for his claims of political persecution and torture. Accordingly, on August 30, 2004, the IJ denied Mansasse's petitions for protection under CAT and ordered him removed to Haiti.

On September 30, 2004, Manasse's lawyer filed an appeal with the Board of Immigration Appeals ("BIA"). The BIA dismissed the case for lack of jurisdiction because Manasse's lawyer failed to file the appeal within the required 30-day window. See 8 C.F.R. §§ 1003.38(b) & (c). Manasse then filed a *pro se* habeas petition in the District Court for the District of New Jersey alleging ineffective assistance of counsel and statutory eligibility for relief under CAT. The District Court stayed Manasse's removal. After passage of the REAL ID Act of 2005, § 106(c), Pub. L. No. 109-13, the habeas petition was transferred to this Court as a petition for review.

II.

3

When reviewing agency decisions, we must begin by examining whether we have subject matter jurisdiction to hear a petitioner's arguments. As a general rule, we lack the jurisdiction to review a final order of removal until an alien has exhausted all administrative remedies. See 8 U.S.C. § 1252(d)(1); Bejar v. Ashcroft, 324 F.3d 127, 132 (3d Cir. 2003) (holding that an alien's failure to timely appeal to the BIA constitutes a failure to exhaust administrative remedies). Petitioner Manasse both failed to bring a timely appeal before the BIA and did not petition the BIA to reopen his case or reconsider his appeal. Accordingly, he has failed to exhaust his administrative remedies. This defect bars judicial review of Manasse's petition for CAT protection. See Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003).

III.

For similar reasons, this Court lacks jurisdiction to hear Manasse's claims of ineffective assistance of counsel. A habeas petitioner in Manasse's circumstances, who has neither exhausted administrative remedies nor provided a reasonable explanation for his failure to petition the BIA for reopening, may not present such claims to this Court. See Bejar v. Ashcroft, 324 F.3d 127, 132 (3d Cir. 2003) (holding that this Court cannot hear ineffective assistance of counsel arguments in the case of an alien who failed to submit a BIA appeal within the prescribed statutory window); see also Hernandez v. Reno, 238 F.3d 50, 55 (1st Cir. 2001) (ruling that even if the petitioner faces the threat of immediate deportation, he should show good cause why he has not previously sought a discretionary stay of deportation, as well as reopening, from the BIA). We also note that

4

Manasse has provided us with no documentary evidence demonstrating that he has complied with the requirements of <u>Matter of Lozada</u>, 19 I. & N. Dec. 637, 639 1988 WL 235454 (BIA 1998), the BIA case that sets the standards for alleging ineffective assistance of counsel.

IV.

Even assuming *arguendo* that Manasse's claims were properly exhausted, we would nonetheless deny his petition for review because we see no merit in the CAT claim. Manasse was not prejudiced by his counsel's mistake that deprived him of BIA review. In his brief, Manasse argues that Haitian prison conditions for returned criminal deportees amount to torture. We reject this contention because it is completely controlled by this Court's opinion in <u>Auguste v. Ridge</u>, 395 F.3d 123 (3d Cir. 2005), recently reaffirmed in <u>Toussaint v. Attorney General of the United States</u>, ---F.3d---, 2006 WL 2061333 *6 (3d Cir. July 26, 2004). In <u>Auguste</u> we concluded that the prison conditions Manasse fears do not amount to torture in the context of CAT. Specifically, this Court held that the period of indefinite detention suffered by criminal Haitian deportees does not constitute torture because Haitian authorities lack the requisite specific intent for a determination of torture. 395 F.3d at 152-154.

In light of the clear legal precept announced in <u>Auguste</u>, Manasse's claim of ineffective assistance of counsel would also fail. This Court has determined that "to advance a successful claim for ineffective assistance of counsel, an alien must demonstrate prejudice. . . ." <u>See</u> <u>Ponce-Leiva v. Ashcroft</u>, 331 F.3d 369, 377 (2003). Put

5

simply, Manasse must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland v. Washington</u>, 466 U.S. 668, 694 (1983). Manasse has not met this burden. He fails to demonstrate how the facts of his case differ from the facts in <u>Auguste</u>; we simply cannot see how any attorney would have altered the outcome of his appeal to the BIA.

*****

We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary. Accordingly, we will dismiss this petition for lack of jurisdiction.

———