

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-22-2006

# Tan v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2857

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Tan v. Atty Gen USA" (2006). *2006 Decisions.* Paper 26.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/26

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-62                                                             NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-2857
_____

DENNY TAN,
Petitioner

v.

ATTORNEY GENERAL USA,
Respondent
_____

On a Petition for Review of a Decision of
the Board of Immigration Appeals
on May 1, 2006
(Agency No. A79 734 400)
Immigration Judge: Miriam K. Mills
_____

Submitted on Motion to Dismiss Appeal or Possible Summary Affirmance Under Third
Circuit LAR 27.4 and I.O.P. 10.6
November 30, 2006

Before: BARRY, AMBRO AND FISHER, <u>CIRCUIT JUDGES</u>

(Filed:  December 22, 2006)

_____

OPINION
_____

PER CURIAM

Denny Tan petitions for review of a final order of the Board of Immigration Appeals (BIA). On the Government's motion, we will dismiss the petition for review.

Denny Tan is a native and citizen of Indonesia. An Immigration Judge (IJ) found him removable on January 12, 2005. Through counsel, Tan filed a notice of appeal with the BIA, listing two reasons for the appeal: (1) the IJ erred in pretermitting his asylum application; (2) the IJ erred in denying withholding and his application for protection under the United Nations Convention Against Torture without giving Tan an adequate opportunity to testify in his own behalf. The notice requested a remand and assignment to another IJ, and also reserved the right to raise other claims. However, no brief was filed on Tan's behalf.

In his brief on appeal to this Court, Tan raises one claim: "Whether or not the Immigration Judge's (IJ) findings for substantial evidence should be reversed where there is a showing of compelling evidence of a contrary finding?" As the Government notes, in his appeal to the BIA, Tan did not raise the issue of whether the IJ's findings were supported by substantial evidence.

A court of appeals may review a final order of removal only if an alien has exhausted all administrative remedies. 8 U.S.C. § 1252(d)(1). The requirement of administrative exhaustion is jurisdictional; when a party in removal proceedings fails to exhaust his administrative remedies, the court lacks power to act. See Bejar v. Ashcroft, 324 F.3d 127, 132 (3d Cir. 2003). As Tan did not raise before the BIA the issue he now

2

seeks to raise, he has failed to exhaust his administrative remedies. This failure bars judicial review of Tan's removal claims. <u>Abdulrahman v. Ashcroft</u>, 330 F.3d 587, 594-95 (3d Cir. 2003). We will therefore grant the motion to dismiss the petition.