

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-25-2007

# Huang v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2784

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation
"Huang v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1214.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1214

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2784
_____

YU YUN HUANG,
Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA

_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A79 424 916)
Immigration Judge:  Honorable Miriam K. Mills

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
April 20, 2007

Before: RENDELL, VAN ANTWERPEN AND COWEN, CIRCUIT JUDGES

(Filed: April 25, 2007)
_____

OPINION
_____

PER CURIAM

Petitioner, Yu Yun Huang, a native and citizen of the People's Republic of China,

petitions for review of a final order of the Board of Immigration Appeals ("BIA").  For

1

the following reasons, we will deny the petition.

I.

Huang entered the United States in November 2001. Shortly thereafter, she was placed in removal proceedings and charged under Immigration and Nationality Act ("INA") § 212(a)(7)(A)(i)(I) [8 U.S.C. § 1182(a)(7)(A)(i)(I)], as an alien who entered without a valid entry document. Huang appeared before an Immigration Judge ("IJ"), conceded removability, and applied for relief under the Convention Against Torture ("CAT").[1]

In support of her CAT claim, Huang testified that in 1996 her father borrowed 300,000 RMB from a "government-owned financial institution." In April 2001, government officers came to their home and demanded that the loan be repaid. Because Huang's father did not have the money, the officials assaulted Huang and her father, and threatened to arrest them. Huang left China in September 2001. The IJ denied relief, finding that Huang was not credible because she testified that her siblings also had to flee China because of the unpaid debt, but failed to mention that fact during her credible fear interview or in her asylum affidavit. The IJ also faulted Huang for failing to provide corroborating documentation, such as a statement from her father or material (e.g., copies of Chinese laws or a promissory note) indicating that she herself is responsible for

---

[1] Initially, Huang also applied for asylum and withholding of removal, but her attorney later withdrew those applications.

2

repayment of the loan.

The Board of Immigration Appeals ("BIA") dismissed Huang's appeal. The Board concluded that the IJ's adverse credibility determination was supported by substantial evidence, noting that "[t]he inconsistencies in the record raise serious questions about the respondent's ability to tell the truth about her past experiences." In addition, the BIA found that Huang presented no evidence that she will more likely than not be tortured in China. Finally, the BIA rejected Huang's claim that the IJ erred in denying asylum, noting her attorney had withdrawn that application.

II.

The CAT prevents the United States government from removing an alien to a country where torture will occur. See 8 C.F.R. § 208.16(d)(1). The torture must be "inflicted by or at the instigation of or with the consent or acquiescence of" an official person. 8 C.F.R. § 208.18(a)(1). It is the applicant's burden to establish "that it is more likely than not" that she will be tortured if removed. 8 C.F.R. § 208.16(c)(2). The applicant must meet this burden with objective evidence. See Sevoian v. Ashcroft, 290 F. 3d 166, 175 (3d Cir. 2002). The BIA's denial of relief under the CAT is reviewed under the substantial-evidence test. See Zubeda v. Ashcroft, 333 F.3d 463, 471 (3d Cir. 2003).

We agree with the BIA that Huang has failed to establish that she is "more likely than not" to be tortured if returned to China. Her contention that she will be imprisoned if she fails to pay her father's debt is purely speculative. Moreover, even if she were to be

3

imprisoned, Huang has in no way established that someone in her particular alleged circumstance is more likely than not to be tortured. See Wang v. Ashcroft, 368 F.3d 347, 350 (3d Cir. 2004) (holding that the likelihood of imprisonment in China is not sufficient to warrant relief under the CAT).

Huang now argues that she will be persecuted based on China's family planning policies and claims that she will be "mercilessly punished" if returned to China because she departed the country illegally. A court may review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right." INA § 242(d)(1) [8 U.S.C. § 1252(d)(1)]. This Court has held that it will not consider those arguments not pressed before the BIA. See Miah v. Ashcroft, 346 F.3d 434, 439 n.2 (3d Cir. 2003). Huang's BIA brief made no mention of her fear of persecution based on China's family planning policies or the likelihood of torture based on her illegal departure. Therefore, because this Court lacks power to act when a party in removal proceedings fails to exhaust administrative remedies, we are without jurisdiction to consider these arguments. See Bejar v. Ashcroft, 324 F.3d 127, 132 (3d Cir. 2003).

III.

For these reasons, and after careful consideration of the record and the parties' contentions, we will deny Huang's petition for review. We will deny as moot Huang's motion for leave to proceed on the original record and her request for exemption from oral argument.

4