

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-19-2007

# Hamilton v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3592

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Hamilton v. Atty Gen USA" (2007). *2007 Decisions*. Paper 919.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/919

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITES STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-3592

ROBERTO HAMILTON,

Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A11-638-776)

Submitted under Third Circuit LAR 34.1(a)
on March 29, 2007

Before: FISHER, JORDAN and ROTH, <u>Circuit Judges</u>

(Filed: June 19, 2007)

**ROTH**, <u>Circuit Judge</u>:

Roberto Hamilton, who was born in Panama and moved to the United States at a young age, challenges a final order of removal on the ground that he is a citizen or national of the United States. For the reasons set forth below, we will dismiss his petition for lack of jurisdiction.

On February 12, 2004, an immigration judge (IJ) found that Hamilton was removable. Hamilton's administrative appeal to the Board of Immigration Appeals (BIA) was due on March 15, 2004. *See* 8 C.F.R. § 1003.38(b). Hamilton did not take this administrative appeal, and the IJ's order of removal became final on March 15, 2004. *See* 8 C.F.R. § 1003.39.

On February 27, 2004, apparently in lieu of taking his administrative appeal, Hamilton filed a petition for the writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania, claiming that he was a citizen of the United States and that his detention was unlawful. The district court denied Hamilton's petition and Hamilton appealed the decision. On December 8, 2004, we vacated the order of the district court because Hamilton had not exhausted his administrative remedies by appealing to the BIA. Hamilton's nonexhaustion precluded our assertion of jurisdiction to review his order of

removal, 8 U.S.C. § 1252(d)(1), and it precluded the District Court from asserting jurisdiction to review his habeas petition. *Duvall v. Ellwood*, 336 F.3d 228, 232-33 (3d Cir. 2003). Accordingly, we remanded to the District Court so that it could dismiss the petition for lack of jurisdiction.

On February 5, 2005, Hamilton sent a letter to the IJ, captioned as a motion "Requesting Permission to Return to the BIA, and/or Reopen Case!" In this letter, Hamilton asserted that the IJ had instructed him to bypass the BIA and file a habeas petition and that, in light of the dismissal on nonexhaustion grounds, further review should be permitted. The IJ responded to Hamilton with an informal letter, dated March 2, 2005, in which he explained that on February 12, 2004, Hamilton was instructed of his right to appeal directly to the BIA and received an appeal packet. Oddly, the IJ also explained that Hamilton had until March 15, 2005, to file an appeal with the BIA. (The actual deadline had been March 15, 2004.) Never did the IJ state that he was reopening Hamilton's case or providing him with any sort of extension in filing time.

Hamilton filed an appeal with the BIA on March 11, 2005, seeking review of the removal order of February 12, 2004. On March 31, 2005, the BIA issued an order dismissing Hamilton's appeal for lack of jurisdiction due to its untimeliness. Hamilton filed a timely motion for reconsideration, which the BIA denied on July 1, 2005.

On April 19, 2005, Hamilton filed a habeas petition pursuant to 28 U.S.C. § 2241 with the United States District Court for the Middle District of Pennsylvania. In this petition,

Hamilton argued that his detention was unconstitutional and he challenged the final removal order of February 12, 2004, on the ground that he was a citizen or national of the United States. On July 26, 2005, the District Court removed Hamilton's petition to our Court insofar as it attacked the final removal order; a petition for review filed in the Court of Appeals is the sole means by which Hamilton may obtain judicial review of a final removal order. 8 U.S.C. § 1252(a)(5). The District Court also denied Hamilton habeas relief; Hamilton did not appeal. It is Hamilton's transferred petition for review to which we now turn.

As we explained on Hamilton's previous appeal to our Court, we may review a final order of removal only if the petitioner has exhausted all administrative remedies. 8 U.S.C. § 1252(d)(1). The requirement of administrative exhaustion is jurisdictional, and we lack jurisdiction to consider a petition for review where the petitioner has not brought a timely appeal before the BIA. *See Bejar v. Ashcroft,* 324 F.3d 127, 132 (3d Cir. 2003); *Abdulrahman v. Ashcroft*, 330 F.3d 587, 594-95 (3d Cir. 2003). Hamilton never presented the BIA with an opportunity to review his final removal order because he never brought a timely administrative appeal of that order. Hamilton argues that the BIA erred in determining that it lacked jurisdiction to consider his appeal for reasons of untimeliness. We disagree.

Hamilton's removal order became final on March 15, 2004, after his time to file an appeal with the BIA expired. 8 C.F.R. § 1003.39. Since that date, the BIA has lacked jurisdiction to review the order. Hamilton's correspondence with the IJ did nothing to

4

change that fact. Hamilton's letter to the IJ was not a properly filed motion to reopen, *see* 8 C.F.R. § 1003.23(b)(3), and the informal response from the IJ most certainly did not serve to reopen Hamilton's case and provide him with a second chance to appeal to the BIA. We note that the IJ erred in stating that Hamilton had until March 15, 2005, to file his administrative appeal. In fact, Hamilton's time to file had expired long before, on March 15, 2004. Nonetheless, Hamilton was in no way prejudiced by this error because his appeal was already nearly a year overdue by the time that he received this misinformation. Also, we are not troubled by Hamilton's claim that the IJ had instructed him to file a habeas petition rather than an administrative appeal; the record contains no evidence of any such instructions being given, beyond Hamilton's own statement to that effect.

Finally, although we recognize the constitutional concerns inherent in Hamilton's claim that the government is removing a citizen or national of the United States, we note that, when Hamilton previously challenged his removal order in our court, we found that had his claim properly been before us, we would have found it unmeritorious.

The petition for review is accordingly dismissed for lack of jurisdiction.