

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-9-2008

# Singh v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4412

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Singh v. Atty Gen USA" (2008). *2008 Decisions.* Paper 869.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/869

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4412
_____

JAGSIR SINGH,

Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,

Respondent

_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A93-457-029)
Immigration Judge:  Mirlande Tadal

_____

Submitted Under Third Circuit LAR 34.1(a)
April 18, 2008

Before:  SCIRICA, *Chief Judge*, AMBRO and FISHER, *Circuit Judges*.

(Filed:   July 9, 2008)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Jagsir Singh is a native and citizen of India. He petitions for review of a final order of the Board of Immigration Appeals (BIA) affirming the decision of an Immigration Judge (IJ) denying him reentry into the United States and ordering his removal. The main issue before us is whether Singh possessed valid documentation precluding his removal. Because we conclude that Singh was not in possession of such documents, we will deny the petition for review.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

After living in the United States for several years, on September 25, 2005, Singh filed an Application for Status as a Temporary Resident (Form I-687) under the Immigration and Nationality Act (INA) § 245A, 8 U.S.C. § 1255a. On November 9, 2005, the Department of Homeland Security (DHS) issued Singh an authorization for advance parole (Form I-512), which conditionally allowed him reentry into the United States to pursue his Form I-687. Six days later, DHS sent a letter to Singh's attorney notifying him of its intent to deny Singh's Form I-687 if additional documentation required by INA § 245A was not presented within 30 days. Receiving no response from Singh, DHS sent a Notice of Decision to Singh's attorney on January 30, 2006 denying Singh's Form I-687 application, which stated, inter alia: "Any Employment

2

Authorization Documents and/or I-512 Travel Documents already approved based upon your pending I-687 application are hereby revoked."

Apparently believing that his Form I-512 remained in effect, Singh left the United States and went back to India on February 15, 2006. Upon his return on April 15, 2006, DHS initiated removal proceedings against him by issuing a Notice to Appear (NTA), charging him as inadmissable under INA § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I), for failing to produce valid entry documentation. According to Singh, he filed a motion to "reopen" his Form I-687 with DHS, though exactly when he filed it remains a mystery. *See* note 2, *infra*.

At the removal hearing before the IJ, Singh denied DHS's charge, claiming that neither he nor his attorney ever received notification stating that DHS had intended to deny his Form I-687 in November 2005 or that DHS had in fact denied it in January 2006. However, the IJ disbelieved Singh and ruled that the denial automatically voided his employment authorization and travel documents, thereby subjecting him to removal. Singh appealed to the BIA, which affirmed. Singh's timely petition for review followed.[1]

II.

We uphold the BIA's factual findings unless the evidence compels a contrary conclusion. *Abdille v. Ashcroft*, 242 F.3d 477, 483-84 (3d Cir. 2001) (citing *INS v. Elias-*

---

[1]On January 31, 2007, we issued an order that, inter alia, denied Singh's motion to compel DHS's submission of a full and complete administrative record. Insofar as Singh reasserts that argument in his merits brief, we will not revisit it.

3

*Zacarias*, 502 U.S. 478, 481 & n.1 (1992)). "[W]e review the BIA's legal determinations *de novo*, subject to established principles of deference." *Wang v. Ashcroft*, 368 F.3d 347, 349 (3d Cir. 2004).

Addressing each of Singh's arguments, we first reject the argument that he possessed valid reentry documents. Because DHS's January 30, 2006 Notice of Decision denied Singh's Form I-687 application before he departed the United States for India, the regulations excusing valid reentry documentation are inapplicable because they apply only to applications that are then pending. *See* 8 C.F.R. § 245a.2(k)(1). None of the Legal Immigration and Family Equity Act (LIFE Act) provisions that Singh cites changes that result. *See id.* § 245a.13(a) (protecting applicants only "until a final determination on his or her application has been made"); *id.* § 245a.13(e) (protecting only applicants who "[t]ravel while the application is pending"). Further, although the temporary resident status regulations do not squarely answer this question, the regulations covering applications for permanent resident status state that "[i]f the adjustment application of an individual granted advance parole is subsequently denied the individual will be treated as an applicant for admission, and subject to the provisions of section 212 and 235 of the [INA]." *Id.* § 245.2(a)(4)(ii)(A); *accord id.* § 245.2(a)(4)(ii)(B). Therefore, we do not believe that Singh may resort to DHS's November 5, 2005 advance parole authorization to trump its subsequent letter of intent to deny his application for temporary resident status and the actual Notice of Decision to deny.

4

This is especially true when substantial evidence shows that Singh's attorney received these subsequent notices before Singh departed for India on February 15, 2006. *See Bejar v. Ashcroft*, 324 F.3d 127, 131 (3d Cir. 2003) ("[T]he regulations make clear that when an alien is represented, service on the alien's attorney constitutes notice to the alien."). In sum, once DHS sent his attorney its January 30, 2006 Notice of Decision, (1) Singh's Form I-687 application was no longer "pending"; (2) Singh became subject to INA § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I), anew; and (3) Singh could no longer rely on the revoked Form I-512 as a valid entry document.

Second, with respect to his alleged motion to reopen, even assuming arguendo that Singh did in fact file such a motion, it would not have altered his status. Unlike motions to reopen filed with the BIA or the IJ, a motion to reopen a Form I-687 denial filed with DHS cannot be considered. 8 C.F.R. § 245a.2(q) ("Motions to reopen a proceeding or reconsider a decision shall not be considered under this part.").[2]

Finally, we reject Singh's various due process-type arguments. Even assuming arguendo that Form I-512 must provide a warning to the alien that he would be subject to removal if his Form I-687 application is denied before he departs, we find that the

---

[2]Singh also claims that the NTA constituted selective prosecution. We find no factual basis whatsoever for this argument. Indeed, Singh's brief states that DHS "should have refrained to issue the [NTA] as to do so would be improvident as the Petitioner's motion to reopen had been filed . . . ." But this statement is contradicted by Singh's attorney's testimony before the IJ that he filed the motion to reopen on May 8, 2006, which was after the NTA's date of April 15, 2006.

authorization issued in this case sufficiently warned Singh that "if you are excludable under any part of section 212(a) of the [INA] whose provisions may not be waived, you may be ineligible for legalization and may be subject to removal proceedings and/or expedited removal at the port-of-entry." In addition, the IJ's omission of Singh's country for removal in her written order does not render it "fundamentally flawed," as Singh would have been removed to the country from which his trip to the United States originated, India. *See* 8 U.S.C. § 1231(b)(1)(A).

III.

Having considered all of Singh's arguments and finding that no further discussion is necessary, we will deny his petition for review.