OPINION
PER CURIAM.
Petitioner Vitaliy Ivanovich Andreyev seeks review of a final order of removal issued by the Board of Immigration Appeals (“BIA”). The Government has moved to summarily affirm the BIA’s decision. Because the appeal presents no substantial question, we will grant the motion and deny Andreyev’s petition.
I.
Andreyev is a native and citizen of Ukraine who entered the United States in 1996 as' a non-immigrant visitor and remained in the United States after the expiration of his visa. In March 2009, the Department of Homeland Security initiated removal proceedings against Andrey-ev for remaining in the United States without authorization. See Immigration and Nationality Act (“INA”) § 237(a)(1)(B). Andreyev appeared before an Immigration Judge, and elected to proceed pro se. After finding that Andreyev was not eligible for any relief from removal, the Immigration Judge ordered him removed from the United States to Ukraine. Andreyev appealed the Immigration Judge’s decision to the BIA, arguing that he was deprived of due process because he was not given an opportunity to argue his eligibility for discretionary relief from removal, including asylum. The BIA conducted a de novo review and affirmed the Immigration Judge’s decision, finding that Andreyev had been provided with a full and fair hearing, and that he had failed to provide a factual basis to support a claim for asylum, withholding of removal, or cancellation of removal.
Still proceeding pro se, Andreyev filed a motion to stay removal proceedings in this Court, arguing chiefly that his removal proceeding was fundamentally unfair because he was deprived of his right to be referred to an asylum officer for a “reasonable fear determination” pursuant to 8 C.F.R. § 1208.31. Andreyev also argues that he was not informed of his potential eligibility for asylum, withholding of removal, or cancellation of removal, and that the Immigration Judge and BIA failed to evaluate these claims on the merits. The Government has moved for summary affir-mance of the BIA’s decision.[1] Andreyev has filed no opposition.
II.
We have jurisdiction to review a final order of removal under INA § 242(a). Chavarria v. Gonzalez, 446 F.3d 508, 515 (3d Cir.2006). Because the BIA issued its own opinion, we review its decision rather than that of the Immigration Judge. See Li v. Att’y Gen., 400 F.3d 157, 162 (3d Cir.2005). However, we review the decision of the Immigration Judge to the extent that the BIA defers to or adopts the Immigration Judge’s reasoning. See Chavarria, 446 F.3d at 515. We review factu *308 al determinations of the BIA under the deferential substantial evidence standard. Id. Under the substantial evidence standard, the BIA’s findings “must be upheld unless the evidence not only supports a contrary conclusion, but compels it.” Abdille v. Ashcroft, 242 F.3d 477, 484 (3d Cir.2001). Our review over the BIA’s conclusions of law is plenary. Romanishyn v. Att’y Gen., 455 F.3d 175, 185 (3d Cir.2006).
III.
Andreyev argues that he was deprived of a fair opportunity to present his claims for immigration relief. In the immigration context, due process entitles an alien to “a full and fair hearing and a reasonable opportunity to present evidence.” Romanishyn, 455 F.3d at 185. The record reveals no violation of due process. See Khan v. Att’y Gen., 448 F.3d 226, 236 (3d Cir.2006). Andreyev was informed by the Immigration Judge of his right to retain counsel and was provided with a list of low cost and pro-bono legal services providers. A.R. 61-62. The Immigration Judge offered Andreyev a continuance in order to retain counsel, and Andreyev elected to proceed pro se. A.R. 62. Andreyev’s rights of evidence and appeal were explained to him, and he was given the opportunity to address the court. A.R. 62, 65. The Immigration Judge also questioned Andreyev to ensure that he had no viable claims for relief. A.R. 64-65. For these reasons, we reject Andreyev’s due process claim.
Andreyev next argues that pursuant to 8 C.F.R. §§ 1208.31 and 1238.1, he should have been referred to an asylum officer for a “reasonable fear determination” to establish his eligibility for asylum. This requirement is applicable only to individuals who have been ordered removed for committing an aggravated felony pursuant to INA § 238(b). Andreyev was charged with removability under INA § 237(a)(1)(B) for overstaying his visa. Nothing in the record suggests that An-dreyev was ordered removed in connection with a felony conviction, or that he is otherwise entitled to a “reasonable fear determination” pursuant to 8 C.F.R. § 1208.31. Furthermore, because Andrey-ev was placed in removal proceedings before he filed any applications for immigration relief, the proper official to adjudicate any applications would have been an immigration judge and not an asylum officer. See 8 C.F.R. §§ 208.2(b), 208.4. The Immigration Judge in this case did in fact consider whether Andreyev had any basis for immigration relief, and found that he did not. The BIA also considered these claims, and made a de novo determination that Andreyev had failed to provide a proper factual basis for a claim for asylum, withholding of removal, protection under the Convention Against Torture, or cancellation of removal. Nothing in the record suggests that the BIA erred in reaching its conclusion.
In his declaration on appeal to the BIA, Andreyev stated that he came to the United States in 1996 due to mounting concerns about mass unemployment, poverty, and corruption in his native Ukraine. A.R. 10-11. He also stated that he became afraid after two friends of his were beaten by law enforcement for failure to pay their debts. A.R. 10. Andreyev has been living and working in the United States for over ten years, and contends that if he is removed to the Ukraine he will be homeless because he has no money, no job, and no family there, a fate he considers tantamount to suicide. Andreyev’s circumstances, although regrettable, do not constitute a basis for asylum or withholding of removal, which require a showing of persecution on account of membership in a particular social group. See Matter of Acosta, *309 19 I. & N. Dec. 211, 233-34 (BIA 1985); Senathirajah v. INS, 157 F.3d 210, 215 (3d Cir.1998). Poverty and homelessness, while “appealing to sympathy and compassion,” are “far too vague and all encompassing to be characteristics that set .the perimeters for a protected group within the scope of the Immigration and Naturalization Act.” Escobar v. Gonzales, 417 F.3d 363, 368 (3d Cir.2005); see also Lukwago v. Ashcroft, 329 F.3d 157, 172 (3d Cir.2003). The BIA reasonably concluded from the evidentiary record that Andreyev failed to establish membership in a particular social group, and was therefore ineligible for asylum. See 8 U.S.C. § 1101(42)(A); Lukwago, 329 F.3d at 170 (denying asylum where alien could not demonstrate that he was targeted because of membership in a particular social group).
Likewise, Andreyev’s anticipated poverty is insufficient to establish eligibility for withholding of removal under the Convention Against Torture. See 8 C.F.R. § 208.18(a)(1); see also Pierre v. Att’y Gen., 528 F.3d 180, 189 (3d Cir.2008) (en banc) (holding that suffering attributable to the “unfortunate but unintended consequences of the poor conditions” in the country of removal is not “torture” under CAT). The BIA also correctly found that Andreyev failed to demonstrate that he had a qualifying United States citizen or lawful permanent resident relative to establish eligibility for cancellation of removal. See 8 U.S.C. § 1229b(b). Andreyev’s companion possesses a green card, but he is not legally married to her. To establish eligibility for cancellation of removal through a spouse, the marriage must be legally valid. See So Chun Chung v. INS, 602 F.2d 608, 610 (3d Cir.1979).[2] There is nothing in the record to suggest that An-dreyev has any other qualifying relatives.
Although we appreciate Andreyev’s strong desire to remain in the United States, the BIA committed no legal error in reaching its conclusion that Andreyev is not eligible for immigration relief. Accordingly, we will grant the Government’s motion for summary action and deny An-dreyev’s petition for review. See Third Circuit LAR 27.4; I.O.P. 10.6. There is no substantial question on appeal. See Nken v. Holder, — U.S. —, 129 S.Ct. 1749, 1761, 173 L.Ed.2d 550 (2009).

. Although the Government filed a motion seeking what it called “summary affirmance” of the BIA's decision, the Court understands the Government actually to be seeking a summary denial of Andreyev’s petition for review.

. At the hearing before the Immigration Judge, Andreyev referred to his companion as his common law wife. A.R. 64. Andreyev did not argue to the BIA that he had satisfied any state's legal requirements for establishing a common law marriage, however. See Bejar v. Ashcroft, 324 F.3d 127, 132 (3d Cir.2003) (noting that the consequences of nonexhaustion are jurisdictional).