

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-29-2006

# Lawrence v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2856

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

## Recommended Citation

"Lawrence v. Atty Gen USA" (2006). *2006 Decisions.* Paper 406.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/406

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-2856

———

LARRY LAWRENCE,

Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

———

On Petition for Review of a Final Order of the Immigration Judge
(File No. A35 683 994)
Immigration Judge: William P. Greene, Jr.

———

Argued September 11, 2006
Before: FUENTES, FISHER, and BRIGHT,[*] Circuit Judges.

(Filed September 29, 2006)

Steven A. Morley (Argued)
Morley Surin & Griffin

---

[*] The Honorable Myron H. Bright, Senior Judge, United States Court of Appeals
for the Eighth Circuit, sitting by designation.

1

325 Chestnut Street, Suite 1305-P
Philadelphia, PA 19106

ATTORNEY FOR PETITIONER

Patrick L. Meehan
Virginia A. Gibson
Susan R. Becker (Argued)
United States Department of Justice
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

ATTORNEYS FOR RESPONDENT

_____

OPINION OF THE COURT

_____

FUENTES, Circuit Judge.

We write only for the parties and thus will forego lengthy recitation of the factual

and procedural background to this case. Larry Lawrence, a native and citizen of Jamaica,

petitions this Court for review of an order of removal entered by an Immigration Judge

("IJ") on August 11, 1997.[1] The essence of Lawrence's argument is that he is entitled to

discretionary relief from removal under former § 212(c) of the Immigration and

_____

[1] Lawrence initially filed this action on April 15, 2004 as a petition for a writ of
habeas corpus in the United States District Court for the Eastern District of Pennsylvania.
Before the district court could rule on Lawrence's petition, Congress passed the
Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and
Tsunami Relief, 2005 Pub. L. No. 109-13, 119 Stat. 231 ("REAL ID Act"), which
became effective on May 11, 2005. Pursuant to the REAL ID Act, Lawrence's habeas
corpus petition was transferred to this Court on June 2, 2005 as a petition for review.

2

Nationality Act of 1952, 8 U.S.C. § 1182(c), repealed by Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009-546.

Lawrence does not dispute the fact that he did not appeal the IJ's order of removal to the Board of Immigration Appeals ("BIA"), or that the time for filing such an appeal expired on September 11, 1997. Rather, Lawrence contends that because he had no remedy under Third Circuit law at the time such an appeal was due, he is not barred from now seeking relief in this Court. We disagree and conclude that because Lawrence did not file an appeal with the BIA, we lack jurisdiction over his petition for review.

Under 8 U.S.C. § 1252(d)(1), "[a] court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right . . . ." 8 U.S.C. § 1252(d)(1). Here, Lawrence did not exhaust his administrative remedies because he failed to appeal the IJ's order of removal to the BIA. See Bejar v. Ashcroft, 324 F.3d 127, 132 (3d Cir. 2003) ("we have held that an alien's failure timely to appeal to the BIA the IJ's denial of his motion to reopen constitutes a failure to exhaust administrative remedies"). Therefore, we do not have jurisdiction under § 1252(d)(1) over Lawrence's petition for review.

Lawrence argues that he did not fail to exhaust his administrative remedies because, at the time he would have been required to file an appeal with the BIA, § 511(a) of the Immigration Act of 1990 barred him from seeking § 212(c) discretionary relief. Pub. L. No. 101-649, § 511(a), 104 Stat. 4978, 5052. Specifically, Lawrence argues that

3

at the time, it was well-settled in the Third Circuit, under <u>Scheidemann v. INS</u>, 83 F.3d 1517 (3d Cir. 1996), that § 511(a) applied retroactively so as to bar aliens, like Lawrence, who had been convicted prior to 1990 of an aggravated felony and served five years or more in prison from applying for § 212(c) relief; but that subsequent changes in the law, including the Supreme Court's decision in <u>INS v. St. Cyr</u>, 533 U.S. 289 (2001), prevent § 511(a) from being applied retroactively. Therefore, Lawrence argues, he is now entitled to apply for § 212(c) relief.

Lawrence's argument is unavailing. Section 1252(d)'s exhaustion requirement is statutory and, therefore, jurisdictional. <u>Duvall v. Elwood</u>, 336 F.3d 228, 234 (3d Cir. 2003) (citing <u>Nyhuis v. Reno</u>, 204 F.3d 65, 69 (3d Cir. 2000)). Consequently, there is no futility exception to the exhaustion requirement. <u>Duvall</u>, 336 F.3d at 234.

Accordingly, we dismiss Lawrence's petition for review for lack of jurisdiction.

———