**Arnest GERILJANTO, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES.**

No. 07–1808.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) April 9, 2008.

Filed April 11, 2008.

Ronald G. McNeil, Philadelphia, PA, for Petitioner.

Richard M. Evans, Susan K. Houser, Virginia M. Lum, Daria M. Fisher, United States Department of Justice Office of Immigration Litigation, Washington, DC, for Attorney General of the United States.

Before: BARRY, SMITH and HARDIMAN, Circuit Judges.

## OPINION

PER CURIAM.

Arnest Geriljanto petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming the denial of his applications for asylum, withholding of removal, and protection under the United Nations Convention Against Torture ("CAT"). For the reasons that follow, we will deny the petition.

Geriljanto, a native and citizen of Indonesia who is ethnically Chinese and Christian, was admitted to the United States on March 18, 1998, with authorization to remain for six months. In April 2003, he applied for asylum, withholding of removal, and relief under the CAT. While those applications were pending before an Immigration Judge ("IJ"), the Department of Homeland Security issued a Notice to Appear, charging Geriljanto as removable for having overstayed his admission period. *See* Immigration and Nationality Act ("INA") § 237(a)(1)(B) [8 U.S.C. § 1227(a)(1)(B)].

At an evidentiary hearing before the IJ, Geriljanto described two incidents of alleged persecution.[1] Driving home from work in June 1995, Geriljanto stopped to fix a flat tire. He was approached by two native Indonesians who asked if he needed help. When Geriljanto responded, one of the Indonesians hit him on the back of his head, broke the window of his car, took money from his pocket, and said, "You Chinese, you go back to China." Geriljanto filed a report with the police but did not receive medical treatment. The second incident occurred in March 1997. Geriljanto was riding on his motorcycle when he was stopped by five native Indonesians, who asked for money. Geriljanto complied, but was attacked when he tried to escape. He woke in the hospital to discover that his feet were badly injured and that his motorcycle had been stolen. Ger-

---

1. Although Geriljanto suggested that he had been persecuted since he was "very young" and referred to a group of ethnic Indonesians stopping him on his way home from school in 1986, he provided no other details about these experiences.

iljanto's brother reported the incident to the police.

The IJ excused the late filing of Geriljanto's asylum application based on extraordinary circumstances, *see* INA § 208(a)(2)(B) [8 U.S.C. § 1158(a)(2)(B)] (requiring filing within one year of arrival), but denied his applications for relief. The BIA agreed with the IJ that Geriljanto had not demonstrated past persecution or a well-founded fear of future persecution on account of his ethnicity or religion. Because Geriljanto failed to satisfy the lower statutory burden of proof required for asylum, the BIA found that he also necessarily failed to satisfy the clear probability standard required for withholding of removal. Finally, the BIA affirmed the IJ's decision that Geriljanto did not qualify for relief under the CAT because he did not establish that it is more likely than not that he will be tortured if removed. Geriljanto then petitioned for review of the BIA's order.

A court may review a final order of removal only if the petitioner has exhausted all of the administrative remedies available to him as of right. *See* INA § 242(d)(1) [8 U.S.C. § 1252(d)(1)]; *see also Bonhometre v. Gonzales*, 414 F.3d 442, 448 (3d Cir.2005). This statutory exhaustion requirement is jurisdictional and bars judicial review of unexhausted claims. *See Abdulrahman v. Ashcroft*, 330 F.3d 587, 594–95 (3d Cir.2003). A petitioner "need not do much to alert the Board that [he] is raising an issue," *Joseph v. Attorney General*, 465 F.3d 123, 126 (3d Cir. 2006), and can exhaust administrative remedies "so long as [he] makes some effort, however insufficient, to place the Board on notice of a straightforward issue being raised on appeal." *Yan Lan Wu v. Ashcroft*, 393 F.3d 418, 422 (3d Cir.2005) (citing *Bhiski v. Ashcroft*, 373 F.3d 363, 367–68 (3d Cir.2004)).

In his brief to the BIA, Geriljanto asserted that his asylum "claim is based on his multiple confrontations, which he believes had a religious and ethnical [sic] basis." For purposes of exhaustion, this allegation adequately challenges the IJ's determination that Geriljanto failed to establish a nexus between the crimes and his ethnicity or religion.[2] The BIA affirmed that finding and also commented on the sufficiency of the IJ's determination. Therefore, we have jurisdiction to review the decisions of both the BIA and the IJ. *See* INA § 242(a)(1) [8 U.S.C. § 1252(a)(1)]; *Xie v. Ashcroft*, 359 F.3d 239, 242 (3d Cir.2004). We review the factual determinations in these decisions under the substantial evidence standard. *See Toure v. Attorney General*, 443 F.3d 310, 316 (3d Cir.2006); *Gjolaj v. Bureau of Citizenship and Immigration Services*, 468 F.3d 140, 143 (2d Cir.2006) (reviewing for substantial evidence BIA's finding of a lack of connection between alien's arrests and his political opinion). Under that standard, the decisions must be affirmed "unless the evidence not only supports a contrary conclusion, but compels it." *Zubeda v. Ashcroft*, 333 F.3d 463, 471 (3d Cir.2003) (quoting *Abdille v. Ashcroft*, 242 F.3d 477, 484 (3d Cir.2001)).

In this case, we believe that there is substantial evidence to support the conclusion that Geriljanto failed to establish a nexus between the crimes and his ethnicity or religion. To be granted asylum as a

---

**2.** We agree with the government, however, that Geriljanto failed to exhaust his claims that a pattern or practice of persecution exists against Chinese Christian Indonesians and that the IJ applied the "wrong legal standard" to his CAT claim. Because neither of these issues was raised before the BIA, we are without jurisdiction to consider them. *See Bejar v. Ashcroft*, 324 F.3d 127, 132 (3d Cir. 2003).

refugee, an applicant must establish that he is unable to return to his homeland "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." INA § 101(a)(42) [8 U.S.C. § 1101(a)(42)]. An asylum applicant, however, need not demonstrate that the protected ground was the exclusive motivation behind the alleged persecution. *See Singh v. Gonzales,* 406 F.3d 191, 197 (3d Cir.2005) (noting that in a mixed-motive case, an alien need only "show that the persecution was motivated, at least in part, by one of the protected characteristics"). Persecution denotes "extreme conduct," including "threats to life, confinement, torture and economic restrictions so severe that they constitute a threat to life or freedom." *Fatin v. INS,* 12 F.3d 1233, 1240 & n. 10 (3d Cir.1993).

Assuming arguendo that the assaults against Geriljanto amounted to persecution, he offered scant evidence that those attacks were committed because he is Chinese or Christian. We have recognized hostilities between Indonesia's Chinese population and some Muslim Indonesians. *See Lie v. Ashcroft,* 396 F.3d 530, 532–33 (3d Cir.2005). But the only indication that Geriljanto was targeted on account of a protected ground is an assailant's statement during the first assault: "you Chinese, go back to China." We have held, however, that a "single ethnic slur" uttered during a robbery was insufficient to establish that the thieves were motivated by the applicant's ethnicity. *Id.* at 532–33. Nothing in the record suggests that Geriljanto's assailants in the second attack were motivated by his ethnicity or religion. Indeed, he testified that he was stopped because the native Indonesians wanted money.

Reports prepared by the U.S. Department of State (noting improvements in racial and ethnic tolerance in Indonesia) and Geriljanto's indication that his family lives safely in Indonesia support the conclusion that he did not sufficiently demonstrate a well-founded fear of persecution on account of a protected ground. *See Lie v. Ashcroft,* 396 F.3d 530, 537–38 (3d Cir. 2005) (holding that conditions in Indonesia do not constitute a pattern or practice of persecution with respect to ethnically Chinese Christians). Furthermore, because Geriljanto failed to establish a well-founded fear of future persecution, he also failed to satisfy the higher standard for withholding of removal. *See Kibinda v. Attorney General,* 477 F.3d 113, 123 (3d Cir.2007). Finally, the IJ properly denied Geriljanto's CAT claim because the record evidence does not compel the conclusion that he is "more likely than not" to be tortured if returned to Indonesia. *See Tarrawally v. Ashcroft,* 338 F.3d 180, 186 (3d Cir.2003); 8 C.F.R. § 208.16(c)(2).

For these reasons, we will deny the petition for review.

