**XIANG CHUN ZHENG, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

No. 07–2098.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) April 9, 2008.

Filed April 15, 2008.

---

H. Raymond Fasano, Madeo & Fasano, New York, NY, for Petitioner.

Richard M. Evans, Susan K. Houser, United States Department of Justice Office of Immigration Litigation, Washington, D.C., for Respondent.

Before: RENDELL, GREENBERG and VAN ANTWERPEN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Xiang Chun Zheng, a native and citizen of China, petitions for review of a final order of removal. We will deny the petition for review.

Zheng arrived in the United States without valid entry documents; he conceded removability but sought asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") in an initial application for relief. After the Immigration Judge ("IJ") warned him about the consequences of filing a frivolous application, Zheng withdrew his request for asylum and withholding of removal and instead sought relief only under the CAT.[1] Zheng alleged that Chinese officials, upon his repatriation to China, would detain him for leaving without permission and that the conditions of his detention would amount to torture. Zheng also claimed to owe $20,000 to the snakeheads who assisted him in coming to the United States. Zheng testified that if he does not pay his debt, the smugglers—who Zheng claimed are connected to corrupt local government officials—would torture him. The IJ denied Zheng's application, and the Board of Immigration Appeals ("BIA") affirmed. Zheng filed a timely petition for review.

---

1. The BIA noted that Zheng's timely recantation of his initial application precluded a finding of a frivolous filing. *See Muhanna v. Gonzales,* 399 F.3d 582, 588–89 (3d Cir.2005).

The primary issue Zheng raises on appeal is whether the IJ applied an erroneous legal standard in light of our decision in *Silva–Rengifo v. Attorney General of the United States*, 473 F.3d 58, 70 (3d Cir.2007). CAT requires that torturous conduct be inflicted "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1). In *Silva–Rengifo*, we held: "acquiescence to torture requires only that government officials remain willfully blind to torturous conduct and breach their legal responsibility to prevent it." *Silva–Rengifo*, 473 F.3d at 70. Zheng argues that, even though snakeheads are not government officials, it is enough that the government is willfully blind to the snakeheads' torturous conduct.

We may review Zheng's claim only if he has exhausted all administrative remedies available to him as of right. 8 U.S.C. § 1252(d)(1). Because Zheng did not properly present the willful blindness claim to the BIA, we lack jurisdiction to review the IJ's ruling. *See Bejar v. Ashcroft*, 324 F.3d 127, 132 (3d Cir.2003). The only mention of "willful blindness" in Zheng's BIA brief relates to his fear of torture at the hands of Chinese officials. The brief did not reference snakeheads or private parties acting in collusion with government officials. While Zheng's BIA brief preceded our ruling in *Silva–Rengifo* the factual basis for the claim was clearly addressed in the IJ's decision. Furthermore, several other circuits had adopted the "willful blindness" standard at the time Zheng filed his BIA brief. *Silva–Rengifo*, 473 F.3d at 70. Therefore, Zheng cannot be excused from arguing either the legal or factual basis for the "willful blindness" standard before the BIA; thus, the claim is waived. *See Steevenez v. Gonzales*, 476 F.3d 114, 117 (2d Cir.2007) (per curiam) (in order to properly exhaust a claim, the issue raised on appeal must be either a specific subsidiary legal argument or an extension of an argument raised directly before the BIA).

█ Zheng also alludes to the BIA's decision determining that he did not meet his burden of proof under CAT. To qualify for CAT protection an applicant bears the burden of proving, through objective evidence, that it is more likely than not that he would be tortured in the country to which he will be removed. *Lavira v. Att'y Gen.*, 478 F.3d 158, 166 (3d Cir.2007). The BIA's decision that Zheng failed to meet the burden of proof is supported by substantial evidence; therefore, we will affirm. *See Guo v. Ashcroft*, 386 F.3d 556, 561 (3d Cir.2004). Specifically, Zheng failed to present evidence that, because he illegally immigrated from China, he would likely be tortured upon his return. The IJ found, and the BIA agreed, that even if there was evidence that an immigrant returning to China would be detained, there was insufficient evidence presented to show that detainees would likely be subjected to torture. Further, the BIA, citing material inconsistencies in the record and Zheng's lack of credibility, plausibly found unpersuasive evidence that Zheng's brother was tortured when he attempted to leave China.

For the above-stated reasons, we will deny the petition for review.