

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-22-2009

# Awuku v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4778

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Awuku v. Atty Gen USA" (2009). *2009 Decisions*. Paper 1156.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1156

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4778
_____

DANIEL BAODI AWUKU,
                                                                Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                                Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A43-808-522)
Immigration Judge:  Honorable Andrew Arthur

_____

Submitted Under Third Circuit LAR 34.1(a)
June 9, 2009

Before: FISHER, JORDAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: June 22, 2009)
_____

OPINION
_____

PER CURIAM

        Petitioner Daniel Baodi Awuku seeks review of a final order of removal.  The

Government has moved to dismiss the petition for review for lack of jurisdiction.  For the

reasons that follow, we will deny the Government's motion to dismiss, and deny the petition for review.

## I. Background

Awuku is a native and citizen of Ghana. He entered the United States on July 10, 1993, and received lawful permanent resident status. During the next fourteen years, Awuku accumulated several criminal convictions for firearms and controlled substances-related offenses. On October 17, 2007, the Department of Homeland Security initiated removal proceedings. The Immigration Judge ("IJ") found Awuku to be credible, but in any event removable based on his criminal convictions. The IJ further concluded that the convictions rendered Awuku statutorily ineligible for withholding of removal and asylum.

In addition, the IJ found that Awuku was unable to make a meritorious claim under the United Nations Convention Against Torture ("CAT") based on either his status as a deportee or because of his sexual orientation. The IJ specifically found that Awuku had failed to demonstrate that any potential reprisals from his uncle, friends and other Ghanaian nationals, which he feared on account of his prospective societal status as a criminal deportee, implicate Ghana's government or rise to the level of torture. And while the IJ did note that homosexual Ghanaians face criminal penalties and sometimes abuse rising to the level of torture, he also found that Awuku had "failed to show that he would be identified as a bisexual or homosexual if he were returned to Ghana" (A.R. 48), or that "he would in fact engage in homosexual activity in Ghana." (A.R. 49.) But, the IJ

2

found, even if one or both of those situations were extant post-removal, "the evidence [did] not support the conclusion that it is more likely than not that [Awuku] would be subject to torture . . . ." (A.R. 50.)

The Board of Immigration Appeals ("BIA") affirmed. With specific reference to Awuku's CAT claim, the only one raised on appeal, the BIA noted that while it was "sensitive to the very serious challenges faced by the lesbian, gay, bisexual, and transgender (LGBT) community in Ghana . . . the evidence does not support the view that [any] mistreatment has descended or is likely to descend to the level of 'torture' within the meaning of the CAT." (BIA op. at 2.) The BIA emphasized that "torture is 'an extreme form of cruel and inhuman treatment, that does not include 'rough and deplorable treatment, such as police brutality.'" Id. (citations omitted). Awuku then filed a petition for review with this Court. The Government moved to dismiss, contending that we lack jurisdiction over the petition for review.[1]

## II. Jurisdiction

We will deny the Government's motion to dismiss because we have jurisdiction over Awuku's petition for review. The Government is certainly correct that 8 U.S.C. § 1252(a)(2)(C) prevents Awuku from challenging his removability in this Court.

---

[1] We denied Awuku's stay motion in a prior order, and he was removed from the United States to Ghana on or around March 10, 2009. This fact, of course, does not raise mootness concerns. See Bejar v. Ashcroft, 324 F.3d 127, 132 (3d Cir. 2003).

3

However, it is wrong in its repeated assertion that "[t]his Court lacks jurisdiction over any challenge to the finding that [Awuku] failed to establish eligibility for CAT protection, as that is a factual determination." (Gov't Mot. to Dis. at 3; Gov't Br. at 12.)

Under § 1252(a)(2)(D), this Court has jurisdiction to review whether a petitioner has met his burden of proof on a CAT claim when the question implicates the BIA's application of law to undisputed facts. See Toussaint v. Att'y Gen., 455 F.3d 409, 412 n.3 (3d Cir. 2006) ("[t]he question here involves not disputed facts but whether the facts, even when accepted as true, sufficiently demonstrate that it is more likely than not that [Toussaint] will be subject to persecution or torture upon removal to Haiti"); Kamara v. Att'y Gen., 420 F.3d 202, 210-11 (3d Cir. 2005) (court of appeals has jurisdiction after REAL ID Act to review the application of law to undisputed fact in the CAT claim of an alien convicted of an aggravated felony). Such is the case for Awuku, whose only claim before this Court is that the evidence of record supports his application for relief under the CAT. We turn to that claim now.

## III. Discussion

Awuku's success on the merits of his petition for review hinges on his ability to demonstrate eligibility for CAT relief, which he predicates on his fear that he will be tortured because of his sexual orientation.[2] It is incumbent upon a petitioner seeking such

---

[2] Relying completely on its jurisdictional argument, the Government does not address the merits of Awuku's CAT claim in its brief.

relief to demonstrate "that it is 'more likely than not' that he or she will be tortured." Pierre v. Att'y Gen., 528 F.3d 180, 186 (3d Cir. 2008) (en banc) (citation omitted). "In order to constitute torture, an act must be specifically intended to inflict severe physical or mental pain or suffering." Id. (emphasis in original, citation omitted). That act must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." Id. at 189 (quoting 8 C.F.R. § 208.18(a)(1)). Furthermore, it is not enough for public officials to be "willfully blind" to torturous acts; the officials must be actively involved in the perpetration of such acts. Id. at 190.

We first examine the most relevant excerpts from the undisputed evidence. The 2007 State Department Report states that "[h]uman rights problems [in Ghana] included deaths resulting from the excessive use of force by police; vigilante justice; harsh and life-threatening prison conditions; police corruption and impunity . . . societal discrimination against women, person with disabilities, [and] homosexuals . . . ." (A.R. 388.) Further, "[t]he law criminalizes homosexuality, and lesbians and gays face widespread discrimination, as well as police harassment and extortion attempts. There is a minimum misdemeanor charge for homosexual activity, and homosexual men in prison often were subjected to sexual and other physical abuse." (A.R. 389.)[3]

---

[3] The State Department Report does not indicate that the sexual and physical abuse is attributable to prison officials.

In addition, the record contains an October 6, 2008 article from the New York Times, excerpted in relevant part:

> For the past few years, anti-gay hysteria has been sweeping across swaths of Africa, fueled by sensationalist media reports of open homosexuality among public figures and sustained by deep and abiding taboos that have made even the most hateful speech about gays not just acceptable but almost required. Gay men and women have recently been arrested in Cameroon, Nigeria, Uganda <u>and Ghana</u>, among other countries.

(A.R. 10) (emphasis added). Lastly, the 2006 report from the United Nations Human Rights Council is also replete with examples of Ghanians, and in one case an Austrian national, who were either criminally prosecuted for engaging in homosexual conduct, or who were physically assaulted by non-governmental actors because of their sexual orientation. (A.R. 259-263.)

This evidence, while unsettling, is ultimately insufficient under the CAT and this Court's case law. The record at best establishes the possibility that Awuku will suffer societal discrimination and abuse, criminal penalties, maltreatment in prison, and harassment and extortion from government officials, should he be identified as a homosexual. The record, however, fails to demonstrate that it is "more likely than not" that Awuku will be tortured because of his sexual orientation or, more importantly, that any torturous acts will be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." <u>Pierre</u>, 528 F.3d at 189; 8 C.F.R. § 208.18(a)(1).

Accordingly, we will deny the petition for review. The Government's motion to dismiss is denied.