**IMG-185**                                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3080
_____

LIN YI JUAN,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. 099-930-984)
Immigration Judge: Honorable Henry S. Dogin

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 28, 2010
Before:  FUENTES, ROTH AND VAN ANTWERPEN, Circuit Judges

(Opinion filed: April 30, 2010 )

_____

OPINION
_____

PER CURIAM

Lin Yi Juan seeks review of the Board of Immigration Appeals' ("BIA") final

order dismissing her appeal of the Immigration Judge's ("IJ") denial of asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").  We

will deny the petition.

I.

Lin, a native and citizen of China, entered the United States in July 2004 without inspection. In February 2007, the Department of Homeland Security issued a Notice to Appear ("NTA"), charging Lin with removability under INA § 212(a)(6)(A)(i) as an alien present in the United States without being admitted or paroled. Lin, through counsel, admitted the allegations in the NTA and conceded removability. In turn, Lin applied for asylum, withholding of removal, and protection under the CAT, alleging that she was forced to undergo an abortion while living in China and fears future persecution if she returned to China based on the subsequent births of her two children in the United States.

At her administrative hearing, Lin testified that in February 1998, she and her then-boyfriend, Chen Ming, had a traditional marriage ceremony, which was witnessed by both of their parents. (A.R. at 107.) However, the couple did not register their marriage at that time because they were not of the legal age to marry in China. (Id. at 92-93.) Lin further testified that she became pregnant in January 1999 and that she went into hiding at the home of her aunt. (Id.) In June 1999, family planning officials inspected her aunt's home and discovered that Lin was pregnant. (Id. at 94.) Lin alleges that after she was unable to present a birth permit to the officials, they dragged her to a hospital and forced her to undergo an abortion. (Id.) Lin testified that her aunt was present when the officials arrived, that her aunt begged the officials not to take Lin, and that her aunt later saw her

2

at the hospital.  (Id. at 95-97.)  Lin testified that she left China in 2004 and has had no further contact with Chen Ming, but that she met and married her current husband in the United States and they have two children who are United States citizens.  (Id. at 104-05.)

Following the administrative hearing, the IJ denied Chen's application for asylum. The IJ found that Lin's testimony was not credible and that she had failed to present reasonably available corroborating evidence.  Specifically, the IJ determined that Lin provided inconsistent evidence regarding whether she had a traditional marriage ceremony in 1998.  The IJ also found that Lin failed to present evidence sufficient to corroborate her claim that family planning officials forced her to have an abortion in June 1999.  Lin did not submit any hospital records showing that she was treated, nor did she attempt to procure a letter from her aunt in China.

Lin timely appealed the IJ's ruling to the BIA.  First, the BIA determined that the IJ's adverse credibility finding was not clearly erroneous.  Second, the BIA concluded that even if Lin had testified credibly, her application was properly denied because she failed to provide evidence corroborating the material elements of her claim.  Accordingly, the BIA denied Lin's appeal in a June 2009 opinion and Lin timely appealed that decision to this Court.[1]

_____

[1]  The BIA also determined that, by not presenting any appellate arguments challenging the IJ's denial of her CAT claim or her claim that she has a well-founded fear of future persecution based on the births of her two United States citizen children, Lin waived review of those claims.  Upon review of the record, we agree with the BIA that Lin failed to present any argument on these claims in her administrative appeal. Accordingly, because they were not exhausted administratively, we are without

3

II.

This Court has authority to review final orders of removal. See 8 U.S.C. § 1252(a). "[W]hen the BIA both adopts the findings of the IJ and discusses some of the bases for the IJ's decision, we have authority to review the decisions of both the IJ and the BIA." Chen v. Ashcroft, 376 F. 3d 215, 222 (3d Cir. 2004). We review agency factual determinations for substantial evidence, and will uphold such determinations "unless the evidence not only supports a contrary conclusion, but compels it." Zhang v. Gonzales, 405 F.3d 150, 155 (3d Cir. 2005) (internal citations omitted).

Because we agree with the BIA that Lin unreasonably failed to corroborate her claim that she was forced to undergo an abortion in 1999, we need not address its other basis for denying relief. To qualify for asylum, an applicant must demonstrate that she has suffered past persecution or holds a well-founded fear of future persecution based on a protected ground. See 8 U.S.C. § 1101(a)(42)(A); Leia v. Ashcroft, 393 F.3d 427, 432-33 (3d Cir. 2005). Moreover, an applicant for asylum must provide reliable evidence to corroborate her testimony. Sandie v. Att'y Gen., 562 F.3d 246, 252 (3d Cir. 2009) (citing Toure v. Att'y Gen., 443 F. 3d 310, 323 (3d Cir. 2006). A failure to corroborate may be relied on to deny relief when "(1) the IJ identifies facts for which it is reasonable to expect the applicant to produce corroboration, (2) the applicant fails to corroborate, and (3) the applicant fails to adequately explain that failure." Chukwu v. Att'y Gen., 484 F.3d

---

jurisdiction to consider them. See Bejar v. Ashcroft, 324 F.3d 127, 132 (3d Cir. 2003).

4

185, 191-92 (3d Cir. 2007) (citing Abdulai v. Ashcroft, 239 F.3d 542, 554 (3d Cir. 2001)).

Here, the IJ faulted Lin for failing to present evidence sufficient to corroborate her claim that family planning officials forced her to undergo an abortion. In support of her testimony, Lin merely presented an unsworn statement from her mother discussing the event. (A.R. at 121.) However, Lin's mother clearly indicates in her statement that her knowledge of the alleged forced abortion is merely based on Lin's retelling of the event. (Id.) On the other hand, as mentioned earlier, Lin testified that her aunt has first-hand knowledge of the actions of the family planning officials. Lin testified that her aunt helped her hide during her pregnancy, that she was the only family member who witnessed Lin being taken from the house, and that she saw Lin in the hospital. These factual contentions are central to Lin's claim, and thus, it was reasonable to have expected Lin to obtain a statement from her aunt. See Sandie, 562 F.3d at 252 ("[i]t is reasonable to expect corroboration for testimony that is central to an applicant's claim and easily subject to verification.")

When asked why she did not provide a statement from her aunt, Lin testified that she did not ask her aunt to provide a letter because her aunt is illiterate. (Id.) The BIA found no error in the IJ's determination that Lin's explanation was in adequate. We agree. As both the IJ and BIA noted, Lin's aunt's illiteracy did not prevent her from dictating a statement to a literate person. Lin did not indicate that her aunt was somehow

5

unavailable to provide a statement, only that she did not ask her aunt to do so.

Because the IJ conducted the required inquiry and reasonably concluded that Lin failed to offer adequate reasons for her failure to corroborate her claim for relief, we will uphold the BIA decision affirming the denial of relief. As Lin did not meet her burden of proof on her asylum claim, her claim for withholding of removal necessarily fails. See Yu v. Att'y Gen., 513 F.3d 346, 349 (3d Cir. 2008). We will deny the petition for review.