**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4398
_____

HONGLI LIN,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A098-975-464)
Immigration Judge: Henry S. Dogin

_____

Submitted Under Third Circuit LAR 34.1(a)
June 1, 2010

Before: RENDELL, HARDIMAN and ALDISERT, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 2, 2010)
_____

OPINION
_____

PER CURIAM

    Hongli Lin petitions for review of a final order of the Board of Immigration

Appeals ("BIA") affirming the Immigration Judge's ("IJ's") denial of asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT"). We will deny the petition for review.

I.

Hongli Lin, a native and citizen of the People's Republic of China, entered the United States without inspection in 2004. He was placed in removal proceedings, during which he conceded that he was removable as charged. Lin applied for asylum, withholding of removal, and CAT protection, claiming that he had been persecuted for resisting China's family planning policy. Lin's wife became pregnant with their second child and she hid at an aunt's house and did not report for her required gynecological exams. Officials began looking for her and ultimately took Lin into custody because of his wife's failure to report for exams. Lin testified that he was detained by officials overnight without food, water, or access to a bathroom, but he was not questioned or struck. Apparently because she found out about her husband's detention, Lin's wife turned herself in and a forced abortion was performed. A few months later, Lin fled China. Lin also claimed that he fears returning to China because he wants another child and believes that another pregnancy will be aborted or that he or his wife will be sterilized.

The IJ denied relief and ordered Lin removed to China, concluding that he had not suffered past persecution. The IJ concluded that, as a matter of law, Lin could not maintain a claim for asylum based on his wife's forced abortion. He further concluded

2

that Lin had not established an independent basis for asylum because his overnight detention did not rise to the level of persecution and his fear of a future pregnancy ending in abortion and/or sterilization was too speculative to constitute a well-founded fear of future persecution. The BIA affirmed the IJ's decision and Lin thereafter filed a timely petition for review.

## II.

We have jurisdiction pursuant to 8 U.S.C. § 1252 to review final orders of removal. In this case, the BIA affirmed the decision of the IJ and discussed some of the bases for the IJ's decision, so we therefore review the decisions of both the IJ and BIA. See Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). In doing so, we review factual findings for substantial evidence and may not disturb them "'unless any reasonable adjudicator would be compelled to conclude to the contrary.'" Sandie v. Att'y Gen., 562 F.3d 246, 251 (3d Cir. 2009) (quoting 8 U.S.C. § 1252(b)(4)(B)). We exercise plenary review over conclusions of law, subject to the established principles of deference accorded agency decision-making. See Sioe Tjen Wong v. Att'y Gen., 539 F.3d 225, 231 (3d Cir. 2008).

Under the Immigration and Nationality Act ("INA"), an applicant may demonstrate eligibility for asylum by showing either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A). The INA further states that "a

3

person who has been forced to abort a pregnancy or to undergo involuntary sterilization . . . shall be deemed to have been persecuted on account of political opinion." 8 U.S.C. § 1101(a)(42)(B). We recently held, however, that there is no automatic refugee status for spouses of individuals subjected to coercive population control policies. Lin-Zheng v. Att'y Gen., 557 F.3d 147, 157 (3d Cir. 2009) (en banc). Thus, the IJ and the BIA properly held that Lin was not entitled to asylum based on his wife's forced abortion.

But spouses remain eligible for relief if they can establish that they personally were persecuted for resisting a coercive family planning policy, or that they have a well-founded fear of future persecution for that resistance. See 8 U.S.C. § 1101(a)(42). We agree with the IJ and BIA that Lin has not made such a showing. Lin contends that his overnight detention without food, water, or bathroom access constitutes past persecution. But "persecution connotes extreme behavior, including 'threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom'." Ahmed v. Ashcroft, 341 F.3d 214, 217 (3d Cir. 2003). Although unfair or even offensive, Lin's brief detention and its attendant circumstances do not rise to the level of the extreme behavior that is persecution, as the IJ and BIA correctly concluded. See, e.g., Kibinda v. Att'y Gen., 477 F.3d 113, 119-20 (3d Cir. 2007) (holding that a five-day detention and a minor injury from maltreatment was insufficient to constitute persecution).

The IJ and the BIA also correctly concluded that Lin did not establish a well-

founded fear of future persecution with his testimony that he feared a future abortion or that he or his wife would be forcibly sterilized if he returned to China. First, Lin cannot make a legally cognizable claim for asylum based on actions taken against his wife (either a future sterilization or another forced abortion) See Lin-Zheng, 557 F.3d at 156. Second, his fear that he himself *might be* sterilized *if* his wife becomes pregnant again is too speculative to establish the objective reasonableness of his fear of future persecution. See S-Cheng v. Ashcroft, 380 F.3d 320, 323 (8th Cir. 2004) (alien's "general plans to have more children" were too speculative to support a well-founded fear of future persecution).

Because the threshold for asylum is lower than the threshold for withholding of removal, Lin's inability to establish his eligibility for asylum necessarily undermines his eligibility for withholding of removal.[1] Accordingly, we will deny the petition for review.

---

[1] Lin did not appeal the IJ's denial of CAT protection to the BIA. Because Lin did not exhaust his administrative remedies as to the claim, we are without jurisdiction to consider it. See Bejar v. Ashcroft, 324 F.3d 127, 132 (3d Cir. 2003).