NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 08-1676

———


NAIMESH DINESHBHAI PATEL,
                                        Petitioner
               v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

———


On Petition for Review of an Order
of the Board of Immigration Appeals
(No. A73-570-730)
Immigration Judge: Hon. Frederick D. Hess

———

Submitted Under Third Circuit LAR 34.1(a)
September 13, 2010

Before:  SLOVITER, BARRY and SMITH, Circuit Judges

(Filed: September 17, 2010)

———

OPINION

———

SLOVITER, *Circuit Judge*.

Naimesh Dineshbhai Patel[1] petitions this court to review the decision of the Board of Immigration Appeals ("BIA") dismissing for lack of jurisdiction Patel's appeal from the denial by an Immigration Judge ("IJ") of his motion to reopen his *in absentia* deportation order.

**I.**

In April 1995, an IJ ordered Patel deported *in absentia* when he failed to appear at his deportation hearing. Patel remained in the United States thereafter and eventually married a lawful resident. Patel applied for naturalization, but was taken into custody in June 2007 because of the outstanding 1995 *in absentia* deportation order.

Patel filed and was granted a motion to stay his deportation. He then applied to reopen the deportation proceedings and rescind the *in absentia* order on the ground that he did not receive proper notice of the 1995 hearing. On August 20, 2007, the IJ denied Patel's motion, finding that Patel "was clearly served personally with the [notice] apprising him of the charges against him and the date of his hearing." App. at 63. On September 6, 2007, the Department of Homeland Security ("DHS") deported Patel to India.

Patel appealed the denial of his motion to reopen, but the BIA held that it lacked

---

[1] In his application for naturalization, Patel listed his first name as "Naimeshkumar."

jurisdiction over that appeal because Patel had already been deported. More specifically, the BIA referenced 8 C.F.R. § 1003.3(e), which states that "[d]eparture from the United States of a person who is the subject of deportation proceedings, prior to the taking of an appeal from a decision in his or her case, shall constitute a waiver of his or her right to appeal." Patel timely petitioned this court for review.

Patel's primary arguments before us are that: (1) the BIA erred in holding that he had waived his appeal by virtue of having been deported because that deportation was in violation of the automatic stay found in 8 C.F.R. § 1003.23(b)(4)(iii)(C) ("[t]he filing of a motion to reopen under paragraph (b)(4)(iii)(A) of this section shall stay the deportation of the alien pending decision on the motion and the adjudication of any properly filed administrative appeal") and 8 U.S.C. § 1252b(c)(3) ("[t]he filing of a motion to reopen . . . shall stay the deportation of the alien pending disposition of the motion") (repealed 1996); (2) Patel's deportation and the BIA's decision should both be reversed because his deportation violated his due process rights, as his fundamental rights to an independent review of the *in absentia* order and his access to and ability to communicate with counsel were intended to be protected by 8 C.F.R. § 1003.6(a) (a decision under which an appeal may be taken "shall not be executed during the time allowed for the filing of an appeal unless a waiver of the right to appeal is filed, nor shall such decision be executed while an appeal is pending"); and (3) the BIA's interpretation of § 1003.3(e) contravenes the regulation's explicit language.

3

The Government, after requesting three time extensions, filed a two page motion to remand Patel's case to the BIA for reconsideration of whether the BIA had jurisdiction in light of 8 C.F.R. § 1003.23(b)(4)(iii)(C). Patel opposed the remand, arguing that, although § 1003.23(b)(4)(iii)(C) indeed mandated that deportation be stayed during the pendency of the time to appeal, remand to the BIA would be futile in light of the BIA's continued position that "it lacks authority to reopen removal, deportation, or exclusion proceedings . . . if the alien has departed the U.S. after completion of those administrative proceedings." Petitioner's Response to Respondent's Motion to Remand to the Board of Immigration Appeals at 2, No. 08-1676 (3d Cir. filed March 9, 2009).

The clerk of this court then filed a letter on our behalf directing the parties to submit memoranda addressing the impact on this case of our recent decision in *Leslie v. Attorney Gen.*, 611 F.3d 171, 180 (3d Cir. 2010), which held "that when an agency promulgates a regulation protecting fundamental statutory or constitutional rights of parties appearing before it, the agency must comply with that regulation. Failure to comply will merit invalidation of the challenged agency action without regard to whether the alleged violation has substantially prejudiced the complaining party."

In his response, Patel argued that *Leslie* was directly relevant to this case because 8 C.F.R. § 1003.6(a) is a regulation promulgated to protect the due process rights of petitioners to a fair hearing and to access to counsel. The Government's memorandum disagreed, but instead of addressing the impact of *Leslie*, the Government argued for the

4

first time that our earlier opinion in *Bejar v. Ashcroft*, 324 F.3d 127 (3d Cir. 2003), is

dispositive in this case because under its holding there was no regulatory violation made

in connection with Patel's deportation. Consequently, the Government withdrew its

motion for remand.[2]

---

[2] We find it very disturbing that the Government would fail to discover or draw our attention to a supposedly dispositive case until we invited supplemental briefing on a different point. This is especially troubling because the *Bejar* opinion is not in fact dispositive of Patel's case, and because, as discussed below, the Government's former motion to remand implied that different regulations applied to Patel than those that applied in *Bejar*. Indeed, it is clear that the Government's current understanding is in error and that Patel was deported unlawfully.

In *Bejar*, we recognized that an alien who was found removable, and then removed before her time to appeal that disposition had tolled, was not removed in contravention of the regulations. Our holding turned on the premise that the immigration court proceedings were governed by 8 C.F.R. § 3.23(b)(4)(ii) (now 8 C.F.R. § 1003.23(b)(4)(ii)), a regulation that provided only that the filing of a motion to reopen stays removal until the disposition of *that* motion. We noted other provisions specifically included language staying enforcement of an order until appeal, and we therefore assumed that the absence of any such language in 8 C.F.R. § 3.23(b)(4)(ii) was intentional. Significantly, in doing so we specifically contrasted 8 C.F.R. § 3.23(b)(4)(ii) with 8 C.F.R. § 3.23(b)(4)(iii) (now 8 C.F.R. § 1003.23(b)(4)(iii)), which, in combination with 8 C.F.R. § 3.6(b) (now 8 C.F.R. § 1003.6(b)), "requir[es] the stay of an alien's removal during the 30-day appeal period from the denial of a motion to reopen filed in *in absentia* deportation and exclusion cases . . . ." 324 F.3d at 132.

The original 1995 charge filed against Patel was that he was deportable. The *in absentia* order was that he be deported. Moreover, the IJ's decision addressed whether Patel's motion to

reopen satisfied the criteria found in 8 C.F.R. § 1003.23(b)(4)(iii)(A), the regulation regarding the recision of "deportation or exclusion proceedings." Given these circumstances, we conclude, as did the immigration courts, that Patel's case is governed by 8 C.F.R. § 1003.23(b)(4)(iii)(A) rather than 8 C.F.R. § 1003.23(b)(4)(ii). Thus the holding of *Bejar* fully supports the conclusion that Patel's case should have been automatically stayed through the time period that the regulations gave him to appeal.

The Government failed completely to acknowledge these facts, despite the fact that the Government's remand motion had implicitly recognized that 8 C.F.R. § 1003.23(b)(4)(iii) applied in Patel's case. Regardless, we note that the 1996 amendments to the INA stated that "any reference in law to an order of removal shall be deemed to include a reference to an order of exclusion and deportation or an order of deportation." Pub. L. No. 104-208, § 309, 110 Stat. 3009, 3009-627 (1996). This does not mean that 8 C.F.R. § 1003.23(b)(4)(iii) has been written out of the regulations. Indeed, the IJ apparently believed that that regulation was still viable and applied it to Patel's case. In any event, Patel's deportation proceedings and *in abstentia* order of deportation both predated the 1996 amendments to the INA.

In sum, the decisions of the immigration courts violated 8 C.F.R. §§ 1003.6(b) and 1003.23(b)(4)(iii)(C) by failing to stay Patel's removal to India during the time given for him to appeal. In its brief, the Government asserts that "[s]hould this Court find that the actions taken by DHS in violation of [8 C.F.R.] § 1003.6(a) vitiates [sic] the Board's determination below, this case should be remanded back to the Board for a full hearing on the merits." Respondent's Br. at 8. Because we agree that a remand is warranted in light of the BIA's erroneous interpretation of 8 C.F.R. § 1003.3(e), we need not decide whether Patel would be required to show prejudice in order for us to enforce the 8 C.F.R. §1003.23(b)(4)(iii)(C) automatic stay provision. *See Leslie*, 611 F.3d at 180.

6

Under the BIA's interpretation of 8 C.F.R. § 1003.3(e), an alien deported by DHS is deemed to have waived the ability to appeal a deportation order. We will give the BIA's interpretation of § 1003.3(e) controlling weight unless it is "plainly erroneous or inconsistent with the regulation." *Star Enter. v. EPA*, 235 F.3d 139, 147 (3d Cir. 2000) (internal quotation marks omitted).

To reach its conclusion that under § 1003.3(e) Patel's deportation acted as a waiver, the BIA necessarily equated the word "departure" with the words "deportation" and/or "removed." That position is untenable. First, the words "departure" and "deportation" both appear in § 1003.3(e) but in different contexts, i.e., the subsection applies to the "departure" of someone who is in "deportation proceedings." Nor are the two words used interchangeably in other parts of the regulatory scheme. For example, 8 C.F.R. § 1003.2(d) reads: "Any departure from the United States, including the deportation or removal of a person who is the subject of exclusion, deportation, or removal proceedings, occurring after the filing of a motion to reopen or a motion to reconsider, shall constitute a withdrawal of such motion." Identical language is found in 8 C.F.R. § 1003.23(b)(1). Thus, those regulations specifically acknowledge when "departure" is deemed to include "deportation." Notably, C.F.R. §§ 1003.2(d) and 1003.23(b)(1) both address whether a motion is deemed to have been withdrawn by a petitioner, a circumstance analogous to when a petitioner should be deemed to have

waived an appeal.

Further, the two words have different meaning in everyday speech. To "depart" is to "go away" or to "leave," an action that implies a volitional, self-motivated act. Webster's II New Riverside University Dictionary 363 (1984). "Departure" is defined as the "act of leaving." *Id.* To "deport" is to "expel from a country." *Id.* at 364. "Deportation" is the "[e]xpulsion of an undesirable alien from a country." *Id.* In other words, a deported alien is excluded from a country by others.[3] Additionally, the use of the word "departure" rather than "deportation" in 8 C.F.R. § 1003.3(e) is appropriate; it is reasonable to deem an alien who has left the United States of his or her own volition during a deportation proceeding to have waived the right to appeal any determination resulting from those proceedings, while it is less equitable to so deem an alien who was involuntarily removed (whether in accord with the regulations or otherwise).

---

[3] We further note that in the wake of *Union Pacific R.R. v. Brotherhood of Locomotive Engineers*, 130 S. Ct. 584, 590 (2009), which held that administrative agencies cannot contract their statutory jurisdiction by regulations or decisions, it remains uncertain whether the BIA can categorically disavow jurisdiction over appeals by deported or departed petitioners, *see Marin-Rodriguez v. Holder*, 612 F.3d 591, 595 (7th Cir. 2010) ("The Board may well be entitled to recast its approach as one resting on a categorical exercise of discretion, but it cannot insist that it has elected to foreswear subject-matter jurisdiction that it possesses under a statute."). As we hold that the BIA erred in interpreting § 1003.3(e) to deprive it of jurisdiction we need not pass on whether § 1003.3(e) permissibly could have.

In sum, the BIA's interpretation of § 1003.3(e) was plainly erroneous. Therefore, the BIA had jurisdiction to review the merits of Patel's appeal.

### III.

For the reasons set forth above, we will grant Patel's petition for review and remand to the BIA for proceedings consistent with this opinion.