NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-1676
_____


NAIMESH DINESHBHAI PATEL,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                              Respondent

_____

On Motion by Petitioner for Reimbursement
of Attorney's Fees and Expenses under the
Equal Access to Justice Act
_____

Submitted Under Third Circuit LAR 34.1(a)
January 7, 2011

Before:  SLOVITER, BARRY and SMITH, Circuit Judges

(Filed: May 3, 2011)
_____


OPINION

SLOVITER, *Circuit Judge*.

Naimesh Patel, who was the prevailing party when this matter first came before this court, moves for an order seeking attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A).[1] The Government argues that fees are not warranted because its position was substantially justified.[2] Alternatively, the Government argues that the amount requested is excessive.

## I.

"[T]he specific purpose of the EAJA is to eliminate for the average person the financial disincentive to challenge unreasonable governmental actions." *Astrue v. Ratliff*, 130 S. Ct. 2521, 2530 (2010) (quotation omitted). A federal court is required to award the prevailing party its fees and other expenses incurred in any civil action, unless the court concludes that the Government's position in all phases of the litigation "was substantially justified or that special circumstances make an award unjust." 28 U.S.C. §

---

[1] In the underlying case, *Patel v. Att'y Gen.*, 394 Fed. Appx. 941, 944 n.2 (3d Cir. 2010), this court held that Patel had been deported unlawfully. Following our decision, the Government accelerated Patel's return to the United States. Patel entered the United States on March 10, 2011 as a lawful permanent resident rendering remaining issues on remand to the BIA moot. The United States Immigration and Customs Enforcement, within the Department of Homeland Security, held primary responsibility for facilitating Patel's return. However, for simplicity, we refer generally to the Government.

[2] Patel's motion for attorneys' fees is properly before this court. The motion was filed within thirty days after the Government's right to appeal our previous order lapsed. *See Johnson v. Gonzales*, 416 F.3d 205, 208 (3d Cir. 2005).

2412(d)(1)(A).[3]  The Government's "position" includes both the underlying agency action and its litigation position in the proceedings arising from that action.  *Johnson v. Gonzales*, 416 F.3d 205, 210 (3d Cir. 2005).[4]

We commend the Government for acting swiftly to facilitate Patel's return to the United States, but we reject its contention that its position was substantially justified. During the course of this litigation, the Government delayed proper adjudication of Patel's petition for review, requested several continuances, filed a motion to remand that included a position inconsistent with its previous interpretation that it later withdrew, and raised new issues for the first time in its response to a request by this court for supplemental briefing.

The Government argues that it was justified in arguing that the BIA correctly held that it lacked jurisdiction to review Patel's case under 8 C.F.R. § 1003.3(e) as someone who had "depart[ed]" the United States albeit involuntarily and that this court has not since held that "§ 1003.3(e), or similar regulations, were invalid."  Response to Petitioner's Motion for EAJA Fees at 7.   The Government's position misses the mark. This court held that the BIA assigned to § 1003.3(e) a clearly erroneous meaning.  We concluded that the BIA's interpretation that Patel's deportation acted as a waiver under §

---

[3]  The Government does not contend that "special circumstances" exist in this case, and therefore we do not discuss this aspect of the statute.

[4] A position is substantially justified if it is "justified to a degree that could satisfy a reasonable person."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).  In other words, it is the Government's burden to demonstrate its position was grounded in a reasonable basis in fact and law with a reasonable connection between the two.  *Id*.  We do not assume that the Government's position was not substantially justified simply because it lost on the merits.  *Kiareldeen v. Ashcroft*, 273 F.3d 542, 554 (3d Cir. 2001).

1003.3(e) was in direct tension with the plain meaning of statutory language, especially when read in context with other parts of the regulatory scheme. *Patel*, 394 Fed. Appx. at 945 (BIA impermissibly equated the word "departure" with the words "deportation" and/or "removed").

Based on our review of the record, the Government has not provided a persuasive reason that justifies the agency's position and its defense thereof. Indeed, in its twenty-two page response to the instant motion, the Government devotes a mere paragraph to justifying its specific position in this case without so much as a reference to the unique facts and procedural history. We thus conclude that Patel is entitled to recover his fees and costs.

## II.

The EAJA provides that a prevailing party may recover "costs" as enumerated in 28 U.S.C. § 1920. 28 U.S.C. § 2412(a).[5] Additionally, such party may be awarded "fees and other expenses." 28 U.S.C. § 2412(d)(1)(A).[6] Patel seeks attorneys' fees for 174.32 hours billed by four attorneys totaling $37,797.50 and an additional $5,600 in costs.

---

[5] Section 1920 limits "costs" to such items as docket fees, fees for the clerk and marshal, and fees for photocopies.

[6] The Act does not provide an exhaustive definition of expenses, but states that "fees and other expenses" includes "the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees," which has been interpreted by some courts to include costs such as internet research fees, postage, and long distance telephone calls. *See, e.g., Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988) (telephone, postage, and computerized research expenses are compensable under the EAJA); *Int'l Woodworkers of America v. Donovan*, 792 F.2d 762,

Patel's counsel argues that he is entitled to reimbursement for attorney's fees at a rate of $250 per hour because immigration cases require specialized expertise. That is inconsistent with the EAJA provision that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii).

Although Patel's counsel is an experienced attorney who specializes in immigration, and this case did involve issues beyond straight forward application of established standards, the "novelty and difficulty" of the issues involved and the "work and ability of counsel" do not adequately justify piercing the statutory ceiling in this case. *See Pierce v. Underwood*, 487 U.S. 552, 573 (1988). Patel's counsel offers no evidentiary support that there were only a limited number of qualified attorneys available who would take on this case at the statutory rate. *See Johnson*, 416 F.3d at 213. Indeed, there is evidence demonstrating there is no shortage of attorneys qualified to practice immigration law in Pennsylvania. We therefore award attorneys' fees to Patel's counsel, including associate counsel, at the statutorily prescribed rate of $125 per hour.[7]

---

767 (9th Cir. 1985) (expenses routinely billed to a client such as telephone calls, postage, and air courier are recoverable under the EAJA).

[7] The Government argues that the hours billed by associate counsel should be uncompensated or, if compensated, billed at the statutory rate. Work conducted by associate attorneys, like that of experts, paralegals and other support staff, is recoverable under the EAJA. *See Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008); *Cook v. Brown*, 68 F.3d 447, 453 (Fed. Cir. 1995) (citing cases approving inclusion of fees for paralegals, law clerks, and law students, in fee awards under EAJA or analogous fee-

The Government raises several arguments challenging the number of hours claimed, including that the billing records are insufficiently detailed and that Patel includes hours that are duplicative, excessive, and not compensable.

We believe that these details, as well as the parties' differences with respect to costs, should be resolved by negotiation between the parties with the assistance of our mediator, Joseph Torregrossa. We will therefore grant Patel's motion for attorney's fees under the EAJA in the amount of $125 per hour. We will appoint Mr. Torregrossa as a master to provide a recommendation as to the number of hours, costs and expenses to be awarded.

---

shifting statutes). Therefore, at the Government's suggestion, we will award fees at the statutory rate for all attorney work.