**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1727
_____

ALEJANDRO DIAZ GUTIERREZ,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A095-820-950)
Immigration Judge:  Honorable Margaret R. Reichenberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 7, 2014

Before:  FISHER, VANASKIE and ALDISERT, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 12, 2014)
_____

OPINION
_____

PER CURIAM

        Pro se petitioner Alejandro Gutierrez petitions for review of a final order of

removal issued by the Board of Immigration Appeals (BIA).  For the reasons detailed

below, we will deny the petition for review.

Gutierrez is a citizen of Mexico. He entered the United States in September 1988 (when he was 16), and overstayed his tourist visa. In December 2001, he was convicted of simple assault in violation of N.J. Stat. Ann. § 2C:12-1(a)(1), and the Department of Homeland Security (DHS) charged him with being removable as an alien who had been convicted of an aggravated felony, see 8 U.S.C. § 1227(a)(2)(A)(iii), and who had remained in the United States longer than permitted, see § 1227(a)(1)(B). Gutierrez failed to appear for his removal hearing, and in June 2004, was ordered removed in absentia. He was removed to Mexico on or about February 8, 2005, but apparently immediately returned to the United States. In 2007, he was arrested, charged, and convicted of illegal reentry, and in June 2009, he was convicted of forgery. (He testified at his hearing in this case that he has been arrested more than 17 times.)

On October 3, 2012, DHS instituted the proceedings leading to the instant case, issuing a notice of intent to reinstate the 2004 removal order. An asylum officer conducted a reasonable-fear determination and, finding that Gutierrez did possess a reasonable fear, transmitted the case to an Immigration Judge (IJ) for a withholding-only proceeding. See 8 C.F.R. § 1208.31(e). Gutierrez, through counsel, then applied for withholding of removal and relief under the Convention Against Torture (CAT). Before an IJ, he testified that he feared returning to Mexico for several reasons. First, he testified that his uncle had sexually abused him in Mexico over many years. Second, he is gay, and stated that he had suffered a variety of mistreatment — ranging from generalized harassment to an episode in which a police officer asked him to perform oral sex, and when he refused, the officer punched him in the eye — due to his sexuality.

2

Third, he said that after he came to the United States, a gang called the Zetas had killed his estranged father for stealing their money, and, through friends of Gutierrez's mother, conveyed threats to him. Fourth, he has HIV/AIDS, and is concerned that he will not able to receive treatment in Mexico.

The IJ denied all relief to Gutierrez, concluding that he had failed to testify credibly, and, alternatively, that he failed to satisfy the respective burden of proofs for withholding of removal and CAT relief. Gutierrez appealed to the BIA, which dismissed the appeal. The BIA concluded that even assuming Gutierrez had testified credibly, the IJ had correctly concluded that he was not entitled to relief, for reasons discussed in more detail below. Gutierrez then filed a timely petition for review in this Court. He also filed a motion for stay of removal. We denied that motion, and on May 27, 2014, Gutierrez was removed to Mexico.

We have jurisdiction pursuant to 8 U.S.C. § 1252. See also Bejar v. Ashcroft, 324 F.3d 127, 132 (3d Cir. 2003) ("an alien's removal from the United States does not divest a federal court of appeals from considering the claims raised in a petition for review"). Our review is of the BIA's decision, although we also review the IJ's decision to the extent that the BIA adopted or deferred to the IJ's analysis. See Zhang v. Gonzales, 405 F.3d 150, 155 (3d Cir. 2005). We must uphold the agency's factual findings if they are "supported by reasonable, substantial and probative evidence on the record considered as a whole." Kayembe v. Ashcroft, 334 F.3d 231, 234 (3d Cir. 2003). We will reverse a finding of fact only if "any reasonable adjudicator would be compelled to conclude to the contrary." § 1252(b)(4)(B).

Gutierrez first contends that the BIA erred in denying his withholding-of-removal application. To qualify for withholding relief, an alien can show past persecution "on account of" a protected ground, in which case a rebuttable presumption of future persecution applies. Garcia v. Att'y Gen., 665 F.3d 496, 505 (3d Cir. 2011). If the alien cannot show past persecution, he or she can still prevail by showing future persecution — that is, that "there is a clear probability that the alien's life or freedom would be threatened upon her removal to a particular country." Id. (quotation marks omitted).

Here, the BIA concluded that Gutierrez's claim foundered, primarily, on his failure to show that the harm he suffered was on account of his homosexuality (or any other protected ground). See generally In re Toboso-Alfonso, 20 I. & N. Dec. 819, 822-23 (BIA 1990) (recognizing that an individual can be a member of a "particular social group" based on homosexuality). More specifically, the BIA ruled that Gutierrez had failed to present adequate evidence linking the harm he suffered at the hands of his uncle and the police officer to his sexual orientation.

This conclusion is supported by substantial evidence. See Valdiviezo-Galdamez v. Att'y Gen., 502 F.3d 285, 290 (3d Cir. 2007) (applying substantial-evidence standard to this issue). During his hearing, Gutierrez testified that he did not know why his uncle abused him, and simply made no effort to show that his homosexuality represented "one central reason" for his uncle's conduct. Ndayshimiye v. Att'y Gen., 557 F.3d 124, 129 (3d Cir. 2009). Similarly, while he testified that a police officer had asked him to perform a sex act and responded violently when Gutierrez demurred, he did not present any evidence (beyond his conclusory allegations) connecting the officer's behavior to his

4

homosexuality. Cf. Ayala v. Att'y Gen., 605 F.3d 941, 950 (11th Cir. 2010) (granting relief where alien "testified that the police officers assaulted him outside of a gay nightclub and told him to shut up because he was queer and they could apply the vagrancy laws and they could incarcerate him or plant drugs in his house and that was all as a result of being queer" (quotation marks, alterations omitted)). The burden was on Gutierrez to present evidence showing his attackers' motives, see Ndayshimiye, 557 F.3d at 131, and given that he presented no evidence beyond his bald conclusions on this topic, "[t]here is no evidence in the record to compel a reasonable factfinder to adopt [Gutierrez's] allegation that he would not have been targeted had he not been [homosexual]," Shehu v. Att'y Gen., 482 F.3d 652, 657 (3d Cir. 2007). Thus, while Gutierrez has had some unfortunate experiences, he cannot show that the BIA erred in concluding that these incidents could not sustain his withholding-of-removal claim.

Beyond these two events, Gutierrez testified that unidentified people would curse at him, throw things at him, and even punch him. The BIA concluded that these incidents did not rise to the level of persecution, and substantial evidence supports that conclusion. This Court has upheld agency conclusions that persecution cannot be shown by minor assaults that do not require medical care, see Jarbough v. Att'y Gen., 483 F.3d 184, 191 (3d Cir. 2007), or unfulfilled threats, see Li v. Att'y Gen., 400 F.3d 157, 164 (3d Cir. 2005), and the BIA's ruling here is consistent with those holdings. Thus, Gutierrez cannot show that the BIA erred in finding that he did not suffer past persecution.

Gutierrez's future-persecution claim fares no better. To show future persecution, an alien must establish either that (1) he would be individually singled out for

5

persecution, or (2) there is a pattern or practice in the home country of persecuting similarly situated people. Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005).

The BIA first concluded that Gutierrez had failed to show that there was a pattern or practice of persecuting homosexuals in Mexico, and that, in fact, "[t]he country conditions evidence reflects the Mexican government and society's increasing acceptance of gay communities." This represents a reasonable assessment of the country-conditions evidence in the record. For instance, the State Department reports state that conditions are improving for gay and lesbian persons, and that there is a national law prohibiting discrimination on the basis of sexual orientation. Other record evidence reveals that gay marriage is legal in Mexico. Accordingly, substantial evidence supports the BIA's rejection of this theory. See Castro-Martinez v. Holder, 674 F.3d 1073, 1082 (9th Cir. 2011) (so holding in similar case).

The remainder of Gutierrez's claims of future persecution are similarly unavailing. The BIA correctly concluded that while Gutierrez claimed that he would be unable to afford treatment for HIV/AIDS in Mexico, he presented no evidence in support of that claim. Cf. Liao v. U.S. Dep't of Justice, 293 F.3d 61, 69-70 (2d Cir. 2002) (petitioner failed to demonstrate that fines imposed on him amounted to past economic persecution because he introduced no evidence about his income, net worth, or other financial circumstances at the time the fines were imposed). Indeed, as the Ninth Circuit has held in rejecting a nearly identical claim, "[g]eneralized economic disadvantage does not rise to the level of persecution." Castro-Martinez, 674 F.3d at 1082; see also Ixtlilco–Morales v. Keisler, 507 F.3d 651, 655-56 (8th Cir. 2007). Moreover, Gutierrez presented no

6

evidence whatsoever that his uncle continued to pose any threat to him, or that the Zetas drug gang had any current interest in him. The BIA fairly construed the record on these matters, particularly in light of Gutierrez's failure to develop these claims in any meaningful way. Accordingly, substantial evidence supports the BIA's denial of Gutierrez's withholding-of-removal claim.

The same conclusion applies to Gutierrez's CAT claim. As the BIA ruled, Gutierrez showed neither that he would more likely than not be tortured nor that a public official would acquiesce in or turn a blind eye toward this putative torture. See generally 8 C.F.R. § 1208.16(c)(2). Before the BIA, the only argument Gutierrez made in support of this claim was that the country-conditions evidence established that he would be tortured; however, as discussed above, the evidence in the record does not support that assertion. Cf. Tun v. INS, 445 F.3d 554, 567 (2d Cir. 2006) (holding that "torture requires proof of something more severe than the kind of treatment that would suffice to prove persecution"). Therefore, we discern no error in the BIA's disposition of Gutierrez's CAT claim.

Accordingly, we will deny the petition for review.